Henry R. MASSEY and Ann Alicia Massey, Appellants,

v.

COLUMBUS STATE BANK, Appellee.

No. 01–99–01432–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 9, 2000.

Rehearing Overruled Jan. 30, 2001.

698

Henry P. Massey, Houston, for Appellant.

Janet E. Militello, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

This is an appeal from a default judgment granted in favor of appellee, Columbus State Bank. Henry Massey and Ann Massey, appellants, appeal, contending (1) the default judgment against them should be set aside, and (2) the trial court committed several errors in the damages portion of the judgment. We affirm the judgment of the trial court.

### *Factual Background*

Several years ago Henry Massey was a shareholder in Columbus State Bank and sat on its Board of Directors. Mr. Massey borrowed a large sum of money from the Bank, pledging his stock in the Bank and other assets as collateral. The Bank was forced to foreclose on his stock and other collateral when he did not fulfill his obligations. Mr. Massey also was removed from his seat on the Board.

At one point, Mr. Massey's daughter, Ann Massey, owned one share of stock in the Bank. Based on her *de minimis* ownership, Mr. Massey and his daughter began writing a series of letters and making certain demands on the Bank for its financial records, Board records, stockholder lists, a summary of the total attorney's fees paid, a reconciliation of all loan loss reserves on all other accounts, and a summary of all travel, entertainment, and convention expenses paid. Mr. Massey and his daughter also filed a complaint with the Texas Department of Banking alleging embezzlement of dividends, a grievance with the State Bar of Texas for the Bank's

Board's chairperson, a complaint with the Texas State Board of Public Accountancy against the Bank's outside independent accounting firm concerning information that the firm provided to them, and a complaint with the Sheriff's Department of Colorado County, Texas, claiming that property had been stolen.

The Bank then filed its Original Petition and Mr. Massey and his daughter were served with citation. Mr. Massey and his daughter did not file an answer or otherwise appear in the suit. As such, the Bank moved for and was granted an interlocutory default judgment against Mr. Massey and his daughter. After a hearing on damages, the district court signed the final judgment. Although Mr. Massey and his daughter did not answer or participate in the suit, they filed a number of motions and letters, many of which were served on Columbus State Bank.

### *Default Judgment Cannot Be Set Aside*

Complaints regarding the trial court's failure to set aside a default judgment must be raised in a motion for new trial. Tex.R.Civ.P. 324(b)(1). In the motion for new trial, the movant must: (1) establish that the failure to answer was not intentional or the result of conscious indifference; (2) set up a meritorious defense; and (3) demonstrate that setting aside the default judgment would not delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Because this is a direct appeal from a default judgment, Mr. Massey and his daughter are required to prove the *Craddock* elements. However, Mr. Massey and his daughter did not argue any of the *Craddock* elements in their brief, or in any post-judgment motions. Even if Mr. Massey and his daughter had set forth proof of the points of error they assert in their brief, it would not be sufficient in this case. Proof of a meritorious defense would only satisfy the second element of *Craddock*.

### Bank's Prior Suit

■ Columbus State Bank filed a suit against Mr. Massey and his daughter in 1993 that was dismissed for want of prosecution. Mr. Massey and his daughter assert that the dismissal of the Bank's prior suit for want of prosecution bars the Bank's causes of action here. A dismissal for want of prosecution is not "with prejudice." *Carter v. Charles,* 853 S.W.2d 667, 672 (Tex.App.—Houston [14th Dist.] 1993, no writ). It is not an adjudication of the rights of the parties, but simply places the parties in the position they were in prior to filing the action. *Id.* Therefore, the dismissal of the prior suit does not bar any of the Bank's present claims.

### Statute of Limitations

■ Mr. Massey and his daughter argue that the exhibits submitted at the damages hearing were barred by the statute of limitations. First, there is no authority that the statute of limitations applies to evidence submitted in support of a claim. Additionally, limitations is procedural and may be waived if not affirmatively plead. TEX.R.CIV.P. 94; *Luker v. Arnold,* 843 S.W.2d 108, 120 (Tex.App.—Fort Worth, 1992, no writ). As such, Mr. Massey and his daughter waived limitations by failing to answer the suit.

### Venue

■ Mr. Massey and his daughter argue the judgment was improper because certain exhibits were not covered by the venue of this Court. "An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading, or motion...." TEX.R.CIV.P. 86. Because Mr. Massey and his daughter did not file a motion to transfer venue within the time allowed for them to answer, they waived their right to challenge venue. *Wilson v. Texas Parks and Wildlife Dept.,* 886 S.W.2d 259, 260 (Tex.1994).

■ Moreover, venue was proper in Colorado County. Venue is proper in the county in which all or a substantial part if the events or omissions giving rise to the claim occurred. TEX.CIV.PRAC. & REM.CODE ANN. § 15.002(a)(1) (Vernon Supp.2000). The events giving rise to this lawsuit and subsequent judgment were the threatening and harassing phone calls and letters sent to the Bank in Colorado County.

### The Bank's Counsel

■ Mr. Massey and his daughter assert that the Bank's attorneys were barred from representing the Bank because of a conflict of interest. However, a party who does not file a motion to disqualify opposing counsel in a timely manner waives the complaint. *In re Epic Holdings, Inc.,* 985 S.W.2d 41, 52 (Tex.1998) (original proceeding). Because Mr. Massey and his daughter never filed a motion to disqualify, they waived any complaint with regard to any alleged conflict.

### Challenges to Damages Lack Merit

Mr. Massey and his daughter have raised several issues with respect to the damages portion of the judgment.

### Notice

■ The interlocutory default judgment was properly entered against Mr. Massey and his daughter because they did not timely answer or appear in the suit. Mr. Massey and his daughter were given notice that the default judgment had been entered. What Mr. Massey and his daughter complain about on appeal is that they should have been given notice of the hearing on unliquidated damages. However, separate notice of a hearing on unliquidated damages is not required. *Long v. McDermott,* 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ).

Mr. Massey and his daughter rely on Texas Rule of Civil Procedure 124 to assert they were entitled to notice on the hearing on damages. However, rule 124 requires only that defendants be served

with process before judgment is entered. TEX.R.CIV.P. 124. There is no dispute that Mr. Massey and his daughter were properly served in this case.

▮ Appellants also assert that the district clerk failed to comply with Rule 246. Rule 246 requires the clerk to give notice of trial to non-resident attorneys. TEX.R.CIV.P. 246. It is well-settled that "[a]fter a citation and petition are served on a defendant, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition." *Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ). As such, because this rule requires the clerk to give notice of trial to non-resident attorneys, it is inapplicable here.

▮ Massey and his daughter base their argument on a letter sent to the district clerk by Mr. Massey, in which he acknowledged receipt of the notice informing him that a default judgment had been entered against him. In the letter, Mr. Massey requested copies of several documents, and, at the end of the letter, requested notice of future hearings and copies of all past notices. There is no rule, however, requiring the district clerk to comply with his request.

In *Western Union Telegraph Co. v. Skinner*, 60 Tex.Civ.App. 477, 128 S.W. 715, 716 (1910, writ ref'd), Western Union filed its answer a few hours after the district court entered a default judgment against it. On appeal, Western Union complained that although the answer was on file, it was not given notice of the hearing to receive evidence on damages. *Id.* The court of appeals held that the failure to notify the defendant was not error. *Id.* at 717. Once the default judgment was entered, the defendant had no right except to demand a trial by jury as to the amount of damages. *Id.* Likewise, if Mr. Massey and his daughter had filed a jury demand and paid the jury fee, they would have been entitled to notice of the hearing on damages. TEX.R.CIV.P. 243; *Marr v. Marr*, 905 S.W.2d 331, 333 (Tex. App.—Waco 1995, no writ). Without such a demand, or any rule requiring the district clerk to give Mr. Massey and his daughter notice of the hearing, no notice was required. *Western Union*, 128 S.W. at 717.

## Attorney's Fees

Mr. Massey and his daughter argue that attorney's fees should not have been awarded because the suit did not involve a contract and attorney's fees are not authorized by statute. We disagree.

▮ Although parties generally cannot recover attorney's fees in the absence of a contract or statute specifically authorizing such, equitable principles may allow the recovery of attorney's fees and other litigation expenses "where a party was required to prosecute or defend the previous suit as a consequence of the 'wrongful act' of the defendant." *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838–39 (Tex.App.—Eastland 1984, no writ); *see also Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 898–99 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (attorney's fees incurred in resolving credit problems created by defendant's wrongful issuance of a credit card recoverable); *Estate of Arlitt v. Paterson*, 995 S.W.2d 713, 721 (Tex.App.—San Antonio 1999, pet. denied) (holding that, although attorney's fees usually are not recoverable unless permitted by statute or contract, statutory or contractual authorization was not necessary in a malpractice claim to recover attorney's fees and costs as damages); *Standard Fire Ins. Co. v. Stephenson*, 963 S.W.2d 81, 90–91 (Tex.App.—Beaumont 1997, no pet.) (holding that, in a bad faith claim, an insured could recover attorney's fees incurred as a result of the insurer's bad faith where those fees were incurred in prior litigation between the insurer and the insured); and *Nationwide Mutual Ins. Co. v. Holmes*, 842 S.W.2d 335, 340–42 (Tex.App.—San Antonio 1992, writ denied) (holding that insured, who incurred unnec-

essary attorney's fees in order to induce insurer to indemnify him, may recover those fees in a later suit "in the name of equitable principles").

 By failing to answer the suit, appellants admitted to filing false and defamatory complaints with the Texas Department of Banking, an unfounded grievance with the State Bar of Texas against the Bank's Board chairman and outside counsel, a groundless complaint with the Texas State Board of Public Accountancy, and a complaint with the Sheriff's Department of Colorado County, Texas.[1] As a result of these wrongful acts, the Bank was forced to spend $104,000 responding to and defending against all of these complaints and grievances. The trial court properly allowed these attorney's fees as an element of actual damages. As such, the award should be upheld.

We affirm the judgment of the trial court.

---

1. *See Lakeside Leasing Corp. v. Kirkwood Atrium Office Park,* 750 S.W.2d 847, 850 (Tex. App.—Houston [14th Dist.] 1988, no writ) ("By failing to answer, a defendant generally admits the material facts properly alleged in his opponent's petition.").