Opinion issued April 17, 2008






 



     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00840-CV




LEEZAT LLORANCE, Appellant

v.

FARHAD SAFAVI SOHI, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2003–66596




MEMORANDUM OPINION

          In this suit affecting the parent-child relationship, pro se appellant, Leezat
Llorance, appeals the trial court’s default modification order, which modifies an
earlier order establishing the parent-child relationship between Llorance’s minor
child, F.P.L.S., and appellee, Farhad Safavi Sohi. Raising what we construe to be one
issue, Llorance complains that the default modification order should be set aside
because she was unable to attend the arbitration hearing, from which the modification
order emanated, because F.P.L.S. was ill. 
          We affirm. 
Background
          On September 28, 2004, the trial court signed an “Agreed Order Establishing
the Parent Child Relationship” (“the agreed order”) in which Farhad Safavi Sohi was
adjudicated to be the father of F.P.L.S. The agreed order appointed Llorance as
F.P.L.S.’s sole managing conservator and named Sohi as possessory conservator. 
With respect to possession, the agreed order provided that, until F.P.L.S.’s fifth
birthday on July 15, 2008, Sohi was entitled to supervised visitation with F.P.L.S.
every Saturday. The agreed order further provided that, beginning July 15, 2008,
Sohi would be entitled to visitation under a standard possession order, as set forth in
Family Code sections 153.311 through 153.317.


 Sohi was also ordered to pay
Llorance monthly child support in the amount of $256.00. 
          On March 16, 2006, Sohi filed a petition seeking modification of the agreed
order. Sohi requested that he immediately be given possession of F.P.L.S. pursuant
to a standard possession order. He also requested that his monthly child-support
payments be decreased. 
          Llorance answered and filed a counter-petition in which she requested an
increase in child support and alleged that Sohi should not be given possession of
F.P.L.S. pursuant to a standard possession order. Llorance alleged that Sohi did not
seek the modification in the best interest of F.P.L.S., rather he sought modification
to “retaliate” against her and to cause her “financial ruin.” 
          The modification action was tried by an arbitrator on August 31, 2007. Sohi
and his counsel attended the arbitration hearing; however, Llorance did not attend. 
On that same day, the arbitrator signed an order entitled “Arbitrator’s Binding Order
in Suit to Modify Agreed Order Establishing the Parent-Child Relationship” (“the
default modification order”) in which the arbitrator noted that Llorance had not
appeared at the arbitration hearing.
          In the default modification order, the arbitrator removed Llorance as F.P.L.S.’s
sole managing conservator and appointed Sohi and Llorance as joint managing
conservators. Llorance retained the right to establish F.P.L.S.’s primary place of
residence with a geographic restriction. With respect to visitation, the arbitrator
incorporated the statutory standard possession order. The modification order also
increased Sohi’s monthly child support to $300.00. The trial court signed and
adopted the modification order on September 27, 2007. Llorance did not file a
motion for new trial. 
          On October 2, 2007, Llorance filed a pro se notice of appeal in which she
challenged the default modification order. In the notice of appeal, Llorance admitted
she had received notice of the arbitration hearing, but alleged that she had been
unable to attend because she had taken F.P.L.S. to the emergency room in the early
morning hours of August 31, 2007, the day of arbitration. 
          Llorance asserted that, on that morning, she had spoken to the arbitrator’s
assistant and had repeatedly called and left messages for the arbitrator to inform the
arbitrator that she could not attend arbitration because she had to take F.P.L.S. to the
emergency room. Llorance claimed that the arbitrator never returned her calls. 
Llorance stated that F.P.L.S. was admitted to the hospital on August 31, 2007 and
remained hospitalized until September 2, 2007. 
          In the notice of appeal, Llorance further alleged that, on September 2, 2007, she
faxed a letter to the arbitrator in which she explained why she had not attended trial
and questioned why her telephone messages to the arbitrator had not been returned. 
Llorance also attached a copy of F.P.L.S.’s hospital discharge record. Llorance
contended that the first response from the arbitrator came on September 27, 2007,
when Llorance received a letter from the arbitrator informing her of the default
modification order. 
          In her notice of appeal, Llorance asked for a hearing date and requested that the
original agreed order remain in effect until the appeal is determined. In support of the
allegations in the notice of appeal, Llorance attached copies of her telephone records
to show that she had made numerous attempts to contact the arbitrator, the September
2, 2007 letter that Llorance faxed to the arbitrator with the appended medical record,
and the letter from the arbitrator notifying Llorance of the default modification order. 

          In her pro se brief on appeal, Llorance provides essentially the same
background as she did in her notice of appeal.


 Although not shown in the record,
Llorance also asserts that arbitration had originally been set on April 11, 2007. On
that date, Llorance claims that she and her then attorney had attended arbitration but
that Sohi and his counsel had not appeared. According to Llorance, the arbitrator had
contacted Sohi and rescheduled the arbitration. Llorance questions why Sohi was
given an opportunity to reschedule arbitration and relies on this perceived inequitable
treatment in challenging the default modification order on appeal. Llorance also
questions why the arbitrator signed the default modification order, which was
prepared by Sohi’s counsel, on the same date as the hearing. Llorance concludes her
appellate brief by requesting that the default modification order be set aside and that
the agreed order be reinstated.
Analysis
          We begin by acknowledging that the same prerequisites for setting aside a
“no-answer” default also apply to a “post-answer” default, such as the one at issue
here. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987). These prerequisites also
apply to suits affecting the parent-child relationship.


 Harris v. Burks, No.
01-06-00128-CV, 2007 WL 1776048 at *1 (Tex. App.—Houston [1st Dist.] June 21,
2007, no pet.) (mem. op.). 
          When, as here, extrinsic evidence is necessary to challenge a default judgment,
a motion for new trial is a prerequisite to complaining on appeal that it should be set
aside. In re J.D.K., No. 02-06-280-CV, 2007 WL 2792487 at *1 (Tex. App.—Fort
Worth Sept. 27, 2007, no pet.) (mem. op.) (citing, in part, Tex. R. Civ. P. 324(b)(1);
Massey v. Columbus State Bank, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.]
2000, pet. denied)). As mentioned, Llorance did not file a motion for new trial.
          Even if we construe her notice of appeal as a motion for new trial under the
limited facts of this case, see J.D.K., 2007 WL 2792487 at *2, Llorance failed to
show that the default modification order should be set aside and a new trial ordered. 
A trial court should set aside a default judgment and grant a new trial if (1) the failure
to appear was not intentional or the result of conscious indifference but rather was
due to accident or mistake; (2) the defendant sets up a meritorious defense; and (3)
the granting of a new trial would not cause delay or otherwise injure the prevailing
party. Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939); see
In re R.R., 209 S.W.3d 112, 114–15 (Tex. 2006). 
          Though she makes allegations pertinent to the first Craddock prong in her
notice of appeal, Llorance neither sets up a meritorious defense nor asserts that
granting a new trial would not cause delay or injure Sohi. Accordingly, we overrule
Llorance’s complaint that the trial court improperly signed a default judgment against
her for her failure to appear at arbitration. 
Conclusion
          We affirm the judgment of the trial court.



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.