Opinion issued
May 5, 2011

 

 

 

 

 



 

 

 

 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-01021-CV

____________

 

IN THE INTEREST OF
T.P.H.

 

 

On Appeal from the 247th
District Court

Harris County, Texas

Trial Court Cause No. 2006-34331

 

 



MEMORANDUM OPINION

          Appellant,
Phillip Hudgens, challenges the trial court’s “Order Confirming Non-Agreed
Child Support Review Order.”   In his sole issue, Hudgens contends that the
trial court erred in modifying a previously-entered child-support order without
him “being aware” of the court setting at which the order was entered.     

We affirm.       

Background

           On December 13, 2006, the trial court entered
a final decree of divorce dissolving the marriage of Hudgens and his ex-wife,
Lacey Priddy. 
In its decree, the trial court found Hudgens’s monthly net resources to
be $2,124, and it ordered Hudgens to pay child support in the amount of $425
per month, or 20% of his resources.  On
July 22, 2009, Hudgens and Priddy attended a child-support-review-order
negotiation conference pursuant to proceedings filed by the Texas Attorney
General.[1]  Because the parties did not agree to a
modified child-support-review order, the Attorney General prepared a non-agreed
child-support-review order.  However, the
trial court did not enter the order at the time of its presentment.

Subsequently, Hudgens
signed a waiver of service and an “agreement to appear in court,” in which he
acknowledged having received the Attorney General’s petition for confirmation
of the non-agreed child-support-review order. 
Hudgens entered his “appearance in said cause for all purposes,” waived
service of process, and agreed to appear before the trial court on September
24, 2009 “to address all unresolved issues.” 
Hudgens also stated that he understood that
his failure to appear could result in the entry of a default order.

          On
October 26, 2009, the trial court signed its order confirming the non-agreed
child-support-review order, stating that it had considered the Attorney
General’s petition and there had been no request to contest the confirmation of
the non-agreed child-support-review order that had been prepared after the unsuccessful
negotiation conference.  The trial court
ordered that the non-agreed child-support-review order was “confirmed as the
order of the court,” and it found that the order was in the best interest of
the child.  In the non-agreed child-support-review
order, the trial court found that there had been a “material and substantial
change in the circumstances of the child or parties” or it had been three years
since the order was rendered or modified and the amount of the child-support
award “differed by either 20% or $100” from the amounts that would be awarded
under the guidelines.[2]  The trial court modified Hudgens’s
child-support obligation and ordered Hudgens to pay child support of $1,394 per
month.  Within this order, the trial
court found that Hudgens’s net monthly resources were $6,972.45 and that 20% of
these resources should be paid as child support.  The trial court also attached to its order
the waiver of service signed by Hudgens.  Hudgens did not file a motion for new
trial.    

Default

In his sole issue, Hudgens argues
that the trial court erred in increasing his child-support obligation because
he was not “aware” of a court setting “to review [the] matter.”  Hudgens asks that we “reset a court date” so
that the trial court may consider his evidence of an agreement that he had
previously reached with Priddy regarding his child-support
obligation.

In his brief, Hudgens
asserts that before the trial court setting, he and Priddy
had entered into a separate oral agreement regarding his modified child-support
obligation. He asserts that they later recorded this oral agreement into a
written agreement that they signed before a notary.  According to Hudgens, Priddy
agreed that she would notify the Attorney General’s office that they had
reached an agreement and she would cancel the hearing date.  However, Priddy subsequently
appeared for the hearing, the trial court held Hudgens in default, and the
trial court increased his child-support obligation without his ability to
“defend, negotiate, or compromise.”

Hudgens attaches to his appellant’s
brief a copy of what purports to be a copy of this agreement, which is entitled
a “Revised Child Support Order.”  The
document reflects that both Hudgens and Priddy signed
it on December 5, 2009, after the entry of the non-agreed child-support-review
order.  This “Revised Child Support
Order” is also notarized.  In this “Revised
Child Support Order,” the parties recited that Hudgens
would be obligated to pay child support of $500 per month and an additional
“20% of any extra pay/allowances or offshore pay.”

The record contains the waiver of
service signed by Hudgens as well as his “agreement to appear in court” at a
September 24, 2009 hearing.  Hudgens
expressly acknowledged that his failure to appear could result in the entry of
a default order.  In his brief, Hudgens does not directly attack this record evidence or
suggest that he did not have notice of the originally scheduled hearing.  Rather, his argument is based solely upon his
assertion that he and Priddy had previously agreed to
cancel the September hearing and Hudgens would pay
increased child support in accord with the terms of their agreed upon “Revised
Child Support Order.”  

Hudgens asks that
we “reset” the matter for a hearing in the trial court in light of the “Revised
Child Support Order” that he attaches to his appendix.  However, Hudgens
did not file a motion for new trial, and there is nothing in the record to
substantiate the assertions of fact in his appellant’s brief.  “A point in a motion for new trial is a
prerequisite to . . . a complaint on which evidence must be heard such as . . .
[a] failure to set aside a judgment by default[.]”  See
Tex. R. Civ. P. 324(b)(1); see also Massey
v. Columbia State Bank, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.]
2001, pet. denied).  Moreover, we cannot
consider the order attached to his appendix because it does not appear in the
record.  See Till v. Thomas, 10 S.W.3d 730, 733–34
(Tex. App.—Houston [1st Dist.] 1999, no pet.) (noting
that documents that appear solely in appendix of brief are not part of record
and are generally not considered on appeal). 
The record establishes that the trial court was never made aware of any
agreed “Revised Child Support Order” before entering the non-agreed child-support-review
order.  Accordingly, we hold that the
trial court did not err in entering the non-agreed child-support-review order.

We overrule Hudgens’s sole issue.

Conclusion

          We affirm
the order of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.











[1]               See Tex. Fam. Code Ann. §§ 233.001–.029 (Vernon 2009).





[2]               See id. § 156.401 (Vernon 2008), § 233.013.