Opinion issued March 1, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01112-CV

———————————

Denise Lynn Barrett, Appellant

V.

Westover
Park Community Association, Inc., Appellee



 



 

On Appeal from the County Court at Law No. 2

Galveston County, Texas



Trial Court Case No. CV-63,313 

 



 

MEMORANDUM OPINION

          In this appeal of a no-answer default
judgment, Denise Lynn Barrett contends that (1) she was not served with the
citation or petition, (2) she satisfies the Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939), standard for setting aside a default
judgment and ordering a new trial, and (3) the trial court violated due-process
guarantees by entering a default judgment before she received notice of the lawsuit.
Finding that Barrett has waived appellate review of these contentions, we
affirm the trial court’s judgment.

Background

          Barrett owns real property
in the Westover Park subdivision of Galveston County, Texas. All Westover Park
properties, including Barrett’s property, are encumbered by a declaration and
“supplemental amendment” of covenants, conditions, and restrictions authorizing
Westover Park Community Association, Inc. to levy certain assessments against
property owners and to establish vendor’s liens securing the payment of those assessments.


When Barrett failed to pay a
maintenance assessment, the Association filed suit on July 16, 2010 to collect
the delinquent fee and to foreclose the lien encumbering her property. Two days
later, the district clerk issued a citation reading:

You have been sued. You may
employ an attorney. If you or your attorney do not file a written answer
with the Clerk who issued this citation by 10:00 a.m. on the Monday next after
the expiration of twenty days after the date you were served with this citation
and petition, a default judgment may be taken against you.

 

Using a process server, the Association personally served
Barrett with the citation and petition on July 22, 2010. She did not answer the
petition. 

On November 12, 2010, the trial
court rendered a default judgment requiring Barrett to pay the delinquent
assessment fee and attorney’s fees and providing for the establishment and
foreclosure of the vendor’s lien on her property. The default judgment further
authorized the seizure and sale of Barrett’s property in satisfaction of the
judgment. The trial court ordered any amount collected from the property’s sale
exceeding the amount of the delinquent fee returned to Barrett. 

          According
to Barrett, she discovered the default judgment on November 18, 2010, six days
after it was rendered. She argues not that the Association failed to follow the
rules for service of process, but that service could not have been achieved as
the Association alleges because, at the time stated in the process server’s
affidavit, she was tending to her terminally-ill father outside of the home. Only
when she returned home did she discover a notice of a status hearing in the
case. Barrett immediately went to the trial court and there learned of the
default judgment. 

Although she learned of the
judgment within the time for filing post-judgment motions, Barrett did not move
for a new trial or otherwise seek to set aside the judgment in the trial court.
Instead, on December 10, 2010, she timely filed a notice of appeal. She alleges
that an “unknown male” court employee informed her that an appeal was “the only
action she could take at that time.” 

Default Judgment Cannot be Set Aside under
Craddock

This is a
direct appeal from the trial court’s default judgment.[1] Barrett must therefore
satisfy the Craddock standard before
the default judgment can be set aside. See
Massey v. Columbus State Bank, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied). Craddock requires
three showings: (1) Barrett’s failure to appear was not intentional or the
result of conscious indifference, (2) Barrett has a meritorious defense, and
(3) the granting of a new trial will not operate to cause delay or injury to
the Association. 133 S.W.2d at 126. To that end, Barrett
asserts in her first three issues that she failed to appear because she never
received a copy of the citation or petition; the maintenance fee assessed by
the Association was either unclear or not authorized by the conditions,
covenants, and restrictions to which her property is subject; and the
Association would not be prejudiced by a new trial. We cannot determine whether
the default judgment should be set aside for any of these reasons, however,
because Barrett did not preserve error for our review.   

A motion for new trial affords a
defendant her first opportunity to attack a default judgment. See L.M. Healthcare, Inc. v.
Childs, 929 S.W.2d 442, 443 (Tex. 1996) (per curiam);
Coinmach, Inc. v. Aspenwood
Apt. Corp., 98 S.W.3d 377, 380 (Tex. App.—Houston [1st Dist.] 2003, no
pet). When the attack on a default judgment relies on extrinsic
evidence, a motion for new trial is a prerequisite to complaining on appeal
that the default judgment should be set aside. See Massey, 35 S.W.3d at 699 (“Complaints regarding the trial
court’s failure to set aside a default judgment must be raised in a motion for
new trial.”); Puri v. Mansukhani,
973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (explaining that motion for new trial or to set aside default
judgment is complaint on which evidence must be heard); see also Llorance v. Sohi,
No. 01-07-00840-CV, 2008 WL 1747921, at *3 (Tex. App.—Houston [1st Dist.] Apr. 17, 2008, no pet.) (mem. op.); In re
Marriage of Collins & Tipton, No. 07-06-0314-CV, 2008 WL 3930559, at *2
(Tex. App.—Amarillo Aug. 27, 2008, no pet.) (mem. op.) (holding that,
because appellant failed to move for new trial, he failed to preserve complaint
on appeal that trial court erred by entering a default judgment). This is so
the trial court has the opportunity to consider and weigh the evidence. Ginn v. Forrester, 282 S.W.3d 430, 432 (Tex.
2009) (per curiam); see also Harris v. Burks, No. 01-06-00128-CV, 2007 WL 1776048, at
*2 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.)
(mem. op.) (explaining that complaints regarding trial court’s failure
to set aside default judgment must be raised in motion for new trial because
trial court must hear evidence to determine whether Craddock factors have been met). 

Barrett
alleges that she discovered the default judgment on November 18,
2010, six days after it was rendered. And, she timely filed her notice of
appeal on December 10, 2010, two days before the expiration of the thirty-day
period to file a motion for new trial. Tex.
R. Civ. P. 329b(a) (time to file new trial
motion). By her own admission, Barrett knew about the default judgment within
the period for challenging it by way of a new trial motion, which she was
required to do in order to complain on appeal that the trial court failed to
set aside the default judgment. See id.; see
also Tex.
R. Civ. P. 324(b)(1) (requiring point in motion for new trial for failure to
set aside default judgment). Because Barrett did not file a motion for new
trial, she did not develop the evidence necessary to contradict the process
server’s affidavit averring that he personally served her on July 22, 2010. Nor
did she develop the evidence necessary to contradict the Association’s position
that it had appropriately assessed a maintenance fee that Barrett refused to
pay. 

The
deficiencies in the record cannot be cured by Barrett’s submission of affidavits
executed after the case reached this Court. Those affidavits are not a part of
the appellate record, and we may not consider them. See Nogle &
Black Aviation, Inc. v. Faveretto, 290 S.W.3d
277, 286 (Tex. App.—Houston [14th Dist.] 2009, no pet.); Canton-Cater v. Baylor Coll. of Med., 271 S.W.3d 928, 931 n.2 (Tex. App.—Houston [14th Dist.] 2008, no
pet.). Consequently, we hold that Barrett has waived appellate review of
her complaint that the trial court’s default judgment should be set aside under
Craddock. Massey, 35 S.W.3d at 699 (holding that
default judgment could not be set aside where no motion for new trial was filed
raising Craddock factors). Accordingly,
Barrett’s first, second, and third issues are overruled.

Default
Judgment Does Not Violate Due-Process Guarantees

In her fourth issue, Barrett argues
that the rendition of a default judgment before she received notice of the
lawsuit violates due-process guarantees. This argument is premised on Barrett’s
assertion that the facts stated in the process server’s affidavit regarding
personal service of the citation and petition are incorrect. Because extrinsic
evidence is necessary to contradict those facts, this issue is likewise waived by
Barrett’s failure to move for a new trial. See Washington v. Taylor,
No. 01-08-00255-CV, 2010 WL 1571201, at *2 (Tex. App.—Houston [1st Dist.] Apr. 8, 2010, no pet.) (mem. op.) (holding that
appellant waived his complaint that he did not receive notice of hearing where
he did not file motion for new trial). We therefore
overrule her fourth issue.




 

Conclusion

          We affirm the trial court’s
judgment.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.











[1]           The Association urges us to limit our
review to “errors apparent on the face of the record,” as we would in a
restricted appeal. See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 573 (Tex. 2006)
(comparing scope of appellate review in ordinary appeals and restricted
appeals); Marrot Commc’ns, Inc. v.
Town & Country P’ship, 227 S.W.3d 372, 379
(Tex. App.—Houston [1st Dist.] 2007, pet. denied) (explaining that, unlike
restricted appeals, when party attacks default judgment with motion for new
trial she may develop evidence establishing Craddock
factors). But this is not a restricted appeal. The rule providing for
restricted appeals excepts from its scope parties who,
like Barrett, timely file “a notice of appeal within the time permitted by Rule
26.1(a) . . . .” Tex. R. App. P.
30; see Tex. R. App. P. 26.1(a) (providing that, in civil cases, a
party must file notice
of appeal within thirty days after judgment).