Opinion issued March 29, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00945-CV

———————————

george onwubuche, Appellant

V.

wole
olowolayemo,
Appellee



 



 

On Appeal from the County Civil Court at Law No. 1

Harris County, Texas



Trial Court Case No. 969934

 



 

MEMORANDUM OPINION

          George
Onwubuche appeals from a default judgment entered against him on his appeal to
the county court at law from a justice court’s judgment against him for unpaid
rents and eviction. In six issues, Onwubuche complains about the correctness of
the county court’s judgment, entered after a bench trial at which Onwubuche
failed to appear. We affirm.

Background

          Wole
Olowolayemo filed a forcible detainer action against Onwubuche in justice court,
asserting that Onwubuche had defaulted on his lease by failing to make rent
payments and seeking eviction. After a bench trial in which both Olowolayemo
and Onwubuche appeared, the justice court entered a judgment in favor of
Olowolayemo, awarding him possession of the premises, $2,550 in delinquent rent,
and costs. See Tex. R. Civ. P. 748 (providing that
court may award the prevailing party “possession of the premises, costs, and
damages”). In the event of an appeal by pauper’s affidavit, the justice court
set the amount of monthly rent that Onwubuche had to pay into the registry of
the court during the pendency of an appeal at $1,275 per rental period. See Tex.
R. Civ. P. 749a  (providing
procedure for appeal to county court by pauper’s affidavit); Tex. R. Civ. P. 749b (providing that
party appealing justice court’s eviction judgment to county court must pay one
rental period’s rent into court’s registry within five days of filing pauper’s
affidavit).

By pauper’s affidavit, Onwubuche
appealed the justice court’s judgment to the county court at law, for trial de
novo. See Tex. R. Civ. P. 574b, 749. But he failed to appear for trial
in the county court. After a bench trial, the county court entered a
post-answer default judgment in favor of Olowolayemo, awarding him possession
of the premises and $3,825 in rental payments ($2,550 in delinquent rent at the
time of trial in the justice court plus $1,275 for the first rental period
during the pendency of the appeal, an amount equal to three months’ rent).
Onwubuche did not file a motion for new trial in the county court at law. He
now appeals from the county court’s judgment against him.

Default Judgment

A.      The
Craddock test for setting aside a
default judgment

The Texas Supreme Court articulated
the standard for setting aside a default judgment in Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex.
1939). This test governs post-answer default judgments as well as no-answer
default judgments. Dolgencorp of Tex.,
Inc. v. Lerma, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam); Lopez v. Lopez, 757 S.W.2d 721, 722
(Tex. 1988) (per curiam). Under the Craddock
test, a default judgment should be vacated and a new trial granted when the
defaulting party establishes:  (1) the failure to appear was not
intentional or the result of conscious indifference, but was the result of an
accident or mistake, (2) the motion for new trial sets up a meritorious
defense, and (3) granting the motion will occasion no delay or otherwise injure
the party who obtained the default judgment. Craddock, 133 S.W.2d at 126; see also Dolgencorp of Tex.,
288 S.W.3d at 926. When a defendant did not receive actual or constructive
notice of trial, however, due process alleviates the party’s burden of proving the
second and third prongs of the Craddock test. See Lopez, 757 S.W.2d at 722−23; In
re Marriage of Parker, 20
S.W.3d 812, 817 (Tex. App.—Texarkana 2000, no pet.). 

Because the defaulting party has the burden to show that the
elements of the Craddock test are
satisfied, or that the first element of the Craddock
test is satisfied and he did not receive notice of the trial setting, the
defaulting party must put forward any necessary evidence on these issues;
typically a motion for new trial is the vehicle for offering such evidence into
the record. See Marrot Commc’ns, Inc. v. Town &
Country P’ship,
227 S.W.3d 372, 379 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (noting
that motion for new trial allows parties to introduce evidence to demonstrate
satisfaction of Craddock elements). A motion
for new trial is necessary to preserve a complaint on appeal of a trial court’s
failure to set aside a default judgment. Tex.
R. Civ. P. 324; Massey v. Columbus
State Bank, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied).

Onwubuche did not file a motion for
new trial, nor did he attempt to put any evidence in the record through another
means. He did not introduce any evidence into the record at trial or in
post-judgment filings. He therefore cannot prevail on any issues that require
extrinsic evidence. See Tex. R. Civ. P. 324; Puri v. Mansukhani, 973 S.W.2d 701, 715
(Tex. App.—Houston [14th Dist.] 1998, no pet.) (citing Rule 324 for proposition
that motion to set aside default judgment is complaint on which evidence must
be heard); see also Petco Animal Supplies, Inc. v. Schuster, 144 S.W.3d 554, 559 n.4 (Tex. App.—Austin
2004, no pet.) (stating that failure to file motion for new trial pursuant to
Rule 324(b) does not waive error on which no evidence need be heard).

Onwubuche does not challenge
service of process, nor does he assert that he did not receive adequate notice
of the trial setting. Rather,
he asserts that he was “five minutes late” for the trial “due to a medical
emergency.” He does not offer any explanation of what the medical emergency was,
and there is no evidence in the record supporting his contention. Because there
is no evidence to support Onwubuche’s statement that his failure to appear for
trial was the result of a medical emergency or that he was only slightly tardy
for his trial setting, we hold that he has not satisfied the first prong of the
Craddock test. See Craddock, 133 S.W.2d at 126; see also Dolgencorp of Tex.,
288 S.W.3d at 926; see also Smith v. I-30 Bus. Park, Ltd.,
2010 WL 5061003, at *4 (Tex. App.—Texarkana Dec. 1, 2010, no pet.) (mem. op.)
(holding that appellant did not satisfy Craddock
test with “notice to court” that he was “coming down with the flu” when there
was no other evidence of illness and he failed to file reporter’s record). Because Onwubuche cannot satisfy the
first prong of the Craddock test, we
may not set aside the county court at law’s default judgment against him on the
basis of the Craddock test. 


B.      Legal
sufficiency of the evidence

A post-answer default judgment constitutes neither an
abandonment of the defendant’s answer nor an implied confession of any issues
joined by the defendant’s answer. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979); Naan
Props., LLC v. Affordable Power, LP, No. 01-11-00027-CV, 2012 WL 114201, at
*4 (Tex. App.—Houston [1st Dist.] Jan. 12, 2012, no. pet. h.) (mem. op.). Judgment
cannot be entered on the pleadings; instead, the party seeking judgment must
offer evidence and prove his case. See Stoner, 578 S.W.2d at 682; Naan Props., 2012 WL 114201, at *4.
A party against whom a post-answer default judgment has been granted may challenge
the legal sufficiency of the evidence to support the judgment on appeal. See Naan Props., 2012 WL 114201, at *4
(stating that review is limited to legal sufficiency of evidence) (citing Solutioneers
Consulting, Ltd. v. Gulf Greyhound Partners, Ltd., 237 S.W.3d 379, 389 n.9 (Tex. App.—Houston [14th Dist.] 2007,
no pet .)). 

Onwubuche challenges the trial court’s default judgment on several
grounds that pertain to issues of fact. He asserts that (1) the amount of the
judgment purportedly fails to consider the $1,275 Onwubuche paid into the
registry of the court;[1]
(2) Olowolayemo did not give Onwubuche notice of eviction prior to filing the
original eviction suit; (3) the “late fee charge” of $2525 is unreasonable; (4)
eviction was not appropriate because the lease contemplated acceptance of late
rents with payment of a late fee; and (5) Olowolayemo failed to repair a faulty
heating and cooling unit. Although
Onwubuche does not identify his arguments as such, we will treat them broadly
to include challenges to the legal sufficiency of the evidence. See Massey
v. Massey, No. 01-02-00196-CV, 2003 WL 21665612, at *2 (Tex. App.—Houston
[1st Dist.] July 17, 2003, pet. denied) (mem. op.) (noting that courts read pro
se briefs broadly but may not apply a lesser legal standard). 

Onwubuche did not file a reporter’s record as part of his
record on appeal. We therefore must presume that the reporter’s record contains
evidence to support the trial court’s rulings on all issues of fact. See Smith, 2010 WL 5061003, at *1, *2 (noting
in appeal from default eviction and rent judgment at county court that
appellate court must presume that missing reporter’s record would contain
evidence to support trial court’s rulings); In re C.K.C., No. 12-10-00366-CV, 2011 WL 7099714, at *2 (Tex. App.—Tyler
Dec. 30, 2011, no pet.) (mem. op.) (“When no reporter’s record is filed, we
must presume the missing evidence supports the trial court’s ruling.”) (citing Bryant
v. United Shortline Inc. Assurance Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998)); Brazle v. Meadows on the
Mews Owners Ass’n, No. 14-10-01016-CV, 2011 WL 6141587, at *1 (Tex. App.—Houston
[14th Dist.] Dec. 8, 2011, no pet.) (mem. op.) (“Appellant failed to file a
reporter’s record from the trial de novo in the county court. Unless an
appellant arranges for the filing of a complete reporter’s record (or partial
reporter’s record and accompanying statement of issues), we must presume that
the proceedings support the trial court’s judgment.”) (citing Bennett v.
Cochran, 96 S.W.3d 227, 229
(Tex. 2002)). Onwubuche’s
brief contains no citations to the appellate record, and we have found no
evidence in the record supporting any of his factual assertions. [2] 

In light of the presumption in favor of the trial court’s
factual findings and the complete absence of any evidence supporting
Onwubuche’s allegations, Onwubuche cannot prevail on his challenges to the
trial court’s findings. We overrule Onwubuche’s first, second, third, fourth, fifth,
and sixth issues on appeal.

Conclusion

          We affirm the trial court’s judgment. 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.











[1]
          Onwubuche’s first and fifth
issues relate to this contention.





[2]
          Onwubuche’s original appellant’s
brief contained no certificate of service, no citations to legal authority, and
evidentiary citations only to “exhibits” not included in the appellate record.
This Court struck Onwubuche’s original brief, directed him to the relevant
Rules of Appellate Procedure, and allowed him additional time to file a brief
containing a certificate of service and citations to legal authority and the
appellate record when appropriate. Onwubuche subsequently filed another
appellant’s brief, which contains a certificate of service and citations to
legal authorities but no references to the appellate record.