Opinion filed August 22, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00227-CV

_____

## JAMIEA JOHNSON, Appellant

## V.

## MARVIN MARCHELLA HARRIS, Appellee

### On Appeal from the 161st District Court

### Ector County, Texas

### Trial Court Cause No. B-133,396

### MEMORANDUM OPINION

Jamiea Johnson appeals the no-answer default order entered against her in the trial court. Johnson, pro se, contends that, even though she was served and ordered to answer, she was confused because, when she was served in May 2012, the document indicated that a hearing had already occurred in April 2012.

Johnson alleges that she called "Ector County" several times to find out when a court date was set and was told nothing was set. We affirm.

## I. *Background*

Marvin Marchella Harris filed an Original Petition in Suit Affecting the Parent-Child Relationship of M.M.H. Jr. on April 18, 2012. The trial court set a hearing for temporary orders to be held on April 30, 2012, although this hearing was not held. Johnson was served with citation on May 11, 2012. The citation contained a notice to Johnson that she had been sued, that a hearing on temporary orders had been set for April 30, 2012, and that her answer was due on a certain date. On June 11, 2012, the trial court held a hearing, and on July 3, 2012, it entered a default order in favor of Harris and against Johnson. Johnson filed a notice of appeal with the trial court on July 23, 2012, and again on July 30, 2012.

## II. *Default Judgment*

This is a direct appeal from the trial court's default order. Therefore, Johnson must satisfy the *Craddock* test before the order can be set aside. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *Massey v. Columbus State Bank*, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). To satisfy the *Craddock* test, an appellant must show the following: (1) the failure to answer was not intentional or the result of conscious indifference; (2) the appellant has a meritorious defense; and (3) granting a new trial will not operate to cause delay or injury to the other party. *Craddock*, 133 S.W.2d at 126.

In her sole issue, Johnson implicitly asks us to set aside the trial court's default order. The default order was properly entered against Johnson because she neither timely answered nor appeared. Johnson was given notice that the default order had been entered against her. Johnson does not explain why she failed to file an answer but, instead, argues that the allegations made against her in the original

petition were wholly false. We cannot determine whether the default order should be set aside, however, because Johnson preserved no alleged error for appeal.

A defendant's first opportunity to attack a default judgment is in a motion for new trial. *See L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 443 (Tex. 1996); *Brown v. Brown*, 590 S.W.2d 808, 810 (Tex. Civ. App.—Eastland 1979, writ dism'd by agr.). A motion for new trial is a prerequisite to a "complaint on which evidence must be heard such as . . . failure to set aside a judgment by default." TEX. R. CIV. P. 324(b)(1); *see also Massey*, 35 S.W.3d at 699 ("Complaints regarding the trial court's failure to set aside a default judgment must be raised in a motion for new trial."). Through this procedure, the trial court considers and weighs the evidence. *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009).

The record shows that the trial court entered the default order on July 3, 2012. Johnson filed a "Motion to Appeal" on July 23, 2012, and again on July 30, 2012, a few days before the expiration of the thirty-day period to move for new trial. *See* TEX. R. CIV. P. 329b(a). This shows that Johnson knew about the default order within time to challenge it by moving for a new trial. That was a necessary step that she had to take to preserve a complaint on appeal that the trial court failed to set aside the default order. *See* TEX. R. CIV. P. 324(b)(1).

Although Johnson made factual allegations in her pro se appellate brief contesting the facts alleged in Harris's petition, those facts are not part of the appellate record, and we may not consider them. *See Nogle & Black Aviation, Inc. v. Faveretto*, 290 S.W.3d 277, 286 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also* TEX. R. APP. P. 34.1. We hold that Johnson has waived appellate review of her complaint that the trial court's default order should be set aside under *Craddock*. *See Massey*, 35 S.W.3d at 699 (holding default judgment could not be

3

set aside where the appellant failed to raise *Craddock* factors in a motion for new trial).  We overrule Johnson's sole issue.

### III. *This Court's Ruling*

We affirm the order of the trial court.

MIKE WILLSON

JUSTICE

August 22, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.