**Affirmed and Opinion Filed November 26, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01139-CV

**DEE L. CHARLES, Appellant**

**V.**

**CROWN ASSET MANAGEMENT, LLC, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07395**

# MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Partida-Kipness

In this appeal of a no-answer default judgment, pro se appellant Dee L. Charles contends (1) service of the citation and petition was defective and (2) she satisfies the *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), standard for setting aside a default judgment and ordering a new trial. Finding that Charles has waived appellate review of these contentions, we affirm the trial court's judgment.

## Background

Crown Asset Management, LLC (Crown) filed suit on June 6, 2018, to collect an unsecured debt owed by Charles. The district clerk issued citation on June 11, 2018. Using a process server, Crown personally served Charles with the citation and petition on July 21, 2018. Charles did not file an answer.

Crown moved for default judgment on September 13, 2018. The trial court granted Crown's motion and, on September 14, 2018, rendered default judgment against Charles in the amount of the unsecured debt, plus attorney's fees, costs, and post-judgment interest.

Charles filed her notice of appeal on September 28, 2018, fourteen days after the default judgment was signed. Although she learned of the judgment within the time for filing post-judgment motions, Charles did not move for a new trial or otherwise seek to set aside the judgment in the trial court. On appeal, Charles urges that service was defective because the process server "accosted" her and "yelled" at her while she was pulling into the parking garage at her apartment complex. Charles maintains she "was unnerved and felt unsafe and endangered" when the process server handed her the documents. She reacted defensively, threw the documents served to the ground, and did not read the documents.

**Default Judgment Cannot be Set Aside under *Craddock***

This is a direct appeal from the trial court's default judgment.[1] Charles must therefore satisfy the *Craddock* standard before the default judgment can be set aside. *See Hewitt v. Gan*, No. 05-18-00913-CV, 2019 WL 2402984, at *2 (Tex. App.—Dallas June 7, 2019, no pet.) (mem. op.); *Massey v. Columbus State Bank*, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). *Craddock* requires three showings: (1) Charles's failure to appear was not intentional or the result of conscious indifference, (2) Charles has a meritorious defense, and (3) the granting

---

[1] Crown urges us to limit our review to errors that "appear on the face of the record," as we would in a restricted appeal. *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (comparing scope of appellate review in ordinary appeals and restricted appeals); *Jeanes v. Dallas County*, No. 05-17-01269-CV, 2018 WL 5725326, at *5 (Tex. App.—Dallas Oct. 31, 2018, no pet) (explaining that, unlike restricted appeals, when a party attacks a default judgment with a motion for new trial she may develop evidence establishing the *Craddock* factors). But this is not a restricted appeal. The rule providing for restricted appeals excludes parties who, like Charles, timely file "a notice of appeal within the time permitted by Rule 26.1(a). . . ." TEX. R. APP. P. 30; *see also* TEX. R. APP. P. 26.1(a) (providing that, in civil cases, a party must file notice of appeal within thirty days after judgment). Crown also urges us to dismiss Charles's appeal for lack of jurisdiction, citing rule 324(b)(1) of the Texas Rules of Civil Procedure as depriving the Court of jurisdiction to consider an appeal from a default judgment when a motion for new trial was not filed. This rule, however, is not jurisdictional but establishes the error preservation standard for appealing from a default judgment. *See Massey*, 35 S.W.3d at 699.

of a new trial will not operate to cause delay or injury to Crown. *Craddock*, 133 S.W.2d at 126. Charles asserts in her sole issue that she failed to appear because service was defective. According to Charles, she was unaware that service could be performed in-person, and she did not read the documents she received from the process server because she felt threatened by the server's unexpected approach. We cannot determine whether the default judgment should be set aside for any reason proffered by Charles, however, because Charles did not preserve error for our review.

When the attack on a default judgment relies on extrinsic evidence, a motion for new trial is a prerequisite to complaining on appeal that the default judgment should be set aside. *Hewitt*, 2019 WL 2402984, at *2; *Massey*, 35 S.W.3d at 699 ("Complaints regarding the trial court's failure to set aside a default judgment must be raised in a motion for new trial."); *In re Marriage of Collins & Tipton*, No. 07–06–0314–CV, 2008 WL 3930559, at *2 (Tex. App.—Amarillo Aug. 27, 2008, no pet.) (mem. op.) (because appellant failed to move for new trial, he failed to preserve complaint on appeal that the trial court erred by entering a default judgment). This gives the trial court the opportunity to consider and weigh the evidence on the *Craddock* factors. *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); *Hewitt*, 2019 WL 2402984, at *2. A motion for new trial also affords a defendant her first opportunity to attack a default judgment. *See McClellan v. HICA Educ. Loan Corp. ex rel. Sallie Mae, Inc.*, 312 S.W.3d 291, 293 (Tex. App.—Dallas 2010, no pet.) (noting that a motion for new trial must be filed within thirty days after the judgment is signed).

Charles filed her notice of appeal fourteen days after the trial court entered judgment. She, therefore, knew about the default judgment within the period for challenging it with a motion for new trial but did not file a motion for new trial. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."); TEX. R. CIV. P. 324(b)(1) (a motion for new trial to complain on appeal

of the failure to set aside a default judgment). Because Charles did not file a motion for new trial, she did not introduce any evidence extrinsic to the record to support her satisfaction of any of the *Craddock* factors. Consequently, we hold that Charles has waived appellate review of her complaint that the trial court's default judgment should be set aside. *See Massey*, 35 S.W.3d at 699 (holding that default judgment could not be set aside without filing a motion for new trial raising *Craddock* factors was filed); *see also* TEX. R. CIV. P. 324(b)(1) (providing that a motion for new trial is a prerequisite to assert on appeal a complaint on which evidence must be heard). Accordingly, we overrule Charles's sole issue.

## Conclusion

We affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181139F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEE L. CHARLES, Appellant

No. 05-18-01139-CV     V.

CROWN ASSET MANAGEMENT, LLC, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-07395.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CROWN ASSET MANAGEMENT, LLC recover its costs of this appeal from appellant DEE L. CHARLES.

Judgment entered this 26th day of November, 2019.