

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00244-CV

———————————————————

KIMBERLY FORD A/K/A KIMBERLY KEEFER, Appellant

V.

SKYLINE MOBILE HOME ESTATES, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-002671-1

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

This is an appeal from a default judgment entered against Appellant Kimberly Ford a/k/a Kimberly Keefer after she failed to file an answer to Appellee Skyline Mobile Home Estates's complaint for eviction. Because Ford failed to preserve error for our appellate review, we affirm the default judgment.

## I. Background

Ford was past due on her condominium fees owed to Skyline for Lot 11 and the manufactured home located on Lot 11. On November 6, 2020, Skyline sent Ford a notice to vacate demanding that she either vacate Lot 11 within thirty days or "[a]lternatively and recognizing that [she] dispute[s] the validity of Skyline's previous foreclosure," pay the past-due fees within twenty days, or "Skyline will assess all allowable fees and proceed with foreclosure."[1]

On April 29, 2022, Skyline filed a sworn complaint for eviction against Ford in justice court on the grounds that it had foreclosed on its lien and owned Lot 11. Ford did not file a sworn denial or any other answer to the complaint in the justice court.

---

[1]The parties dispute who owned Lot 11 on November 6, 2020. Ford contends that as of November 6, 2020, Skyline had not foreclosed on Lot 11. Skyline, however, asserts that it had foreclosed on Lot 11 on March 3, 2020, and that the notice's statement regarding Ford's ability to cure the default was inaccurate. The foreclosure deed is not in the record.

On May 16, 2022, the justice court held an eviction hearing and entered a possession judgment in favor of Skyline.[2] Ford appealed to county court for a trial de novo.

Skyline filed a motion for final default judgment in the county court asking the county court to affirm the justice court's judgment of eviction. *See* Tex. R. Civ. P. 510.12. Skyline did not seek monetary damages or attorney's fees. According to Skyline's motion, on May 26, 2022, the county court had sent a letter to the parties warning Ford that she was required to file a written answer in county court within eight days or default could be entered against her according to Texas Rule of Civil Procedure 510.12.[3] Ford did not file an answer or otherwise respond.

On June 22, 2022, having found that Ford did not file an answer, the county court granted Skyline's motion for default judgment and entered a final default judgment against Ford awarding Skyline possession of Lot 11 and court costs. No motion for new trial or motion to set aside the default judgment was filed in the county court. Instead, Ford timely filed this appeal.

On appeal, Ford argues that Skyline was not entitled to a default judgment on the face of its pleadings or its evidence because it did not (1) show a prima facie case

---

[2]The justice court's judgment of eviction indicates that Ford appeared at the eviction hearing and announced ready for trial. We do not have a reporter's record or any transcript of the eviction hearing in the justice court.

[3]The county court's May 26, 2022 letter is not included in the record. Nevertheless, Rule 510.12 required Ford to file a written answer within eight days after the justice court transcript was filed in the county court or "the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly." *See* Tex. R. Civ. P. 510.12.

for eviction, (2) meet its burden of proof to establish it had provided a legally and factually sufficient notice to vacate prior to asserting a forcible detainer action, or (3) prove ownership. Skyline responds that it was entitled to default judgment based on Ford's failure to file an answer and that Ford has not proved the necessary elements to overturn a default judgment.

We do not determine whether the default judgment should be set aside because Ford failed to preserve error for our review.

## II. Discussion

As a prerequisite to our appellate review, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33.1(a); *see Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties."); *Evans v. Linares*, No. 14-14-00468-CV, 2015 WL 1874232, at *2 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, pet. dism'd w.o.j.) (mem. op.).

The default judgment entered against Ford "operated as an admission of all allegations of fact set out" in Skyline's complaint for eviction, including Skyline's foreclosure and ownership of Lot 11 and Skyline's delivery of the November 6, 2020 notice to vacate. *See Alvarez v. Agyemang*, No. 02-19-00301-CV, 2020 WL 719440, at *2 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.); *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012) ("[T]he non-answering party

4

in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts."); *Dolgencrop of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). To set aside the default judgment, Ford was required to satisfy the three-factor standard established in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

Under *Craddock*, the defaulting party must establish (1) that the failure to appear was not "intentional, or the result of conscious indifference . . . , but was due to a mistake or an accident"; (2) that the defaulting party has a meritorious defense; and (3) that the granting of a new trial "will occasion no delay or otherwise work an injury to the plaintiff."[4] *Id.* Because the defaulting party has the burden to satisfy the three-factor *Craddock* standard, she must present any necessary evidence to meet that burden. *Id.* A motion for new trial is the proper "vehicle for offering such evidence into the record." *Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.); *see Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (discussing Texas Rule of Appellate Procedure 324 and explaining that motion for new trial to set aside default judgment is complaint on which evidence must be heard).

[4]Ford's appellate brief is not only devoid of any argument that she satisfied the *Craddock* factors but also wholly fails to cite *Craddock*—or any other caselaw or authority. Instead, she attacks Skyline's complaint for eviction and attempts to shift the burden of proof to Skyline. We do not reach the merits of Ford's issues because she failed to preserve error.

5

"This is so the trial court has the opportunity to consider and weigh the evidence." *Barrett v. Westover Park Cmty. Ass'n, Inc.*, No. 01-10-01112-CV, 2012 WL 682342, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.) (citing *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009)).

Ford did not file a motion for new trial or otherwise raise her complaints regarding the county court's failure to set aside the default judgment, nor did she introduce any extrinsic evidence into the record by any other method. Indeed, the record is devoid of any evidence to determine whether she satisfied the *Craddock* standard.[5] *See Craddock*, 133 S.W.2d at 126. Accordingly, we conclude that Ford failed to preserve her complaints about the judgment for our review. *See Mack Trucks, Inc.*, 206 S.W.3d at 577; *Alvarez*, 2020 WL 719440, at *2 ("[A] party fails to preserve error in a direct appeal from a default judgment if the party fails to file a motion for new trial establishing the *Craddock* elements."); *see also* Tex. R. Civ. P. 324(b)(1) ("A point in a motion for new trial is a prerequisite to . . . [a] complaint on which evidence must be

---

[5]Broadly interpreting Ford's brief, her complaints are essentially alleged meritorious defenses to Skyline's complaint for eviction. *See Hampton-Vaughan Funeral Home v. Briscoe*, 327 S.W.3d 743, 748 (Tex. App.—Fort Worth 2010, no pet.) ("[T]he motion [for new trial] sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action."). But as we have stated, the county court's default judgment "operated as an admission of all allegations of fact set out" in Skyline's complaint for eviction, *see Alvarez*, 2020 WL 719440, at *2, and Ford failed to challenge the judgment by filing a motion for new trial establishing the *Craddock* elements and putting forth evidence in support of her purported meritorious defenses. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ("The motion must . . . be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.").

6

heard such as . . . [a] failure to set aside a judgment by default[.]"); *Onwubuche*, 2012 WL 1067950, at *2; *Massey v. Columbus State Bank*, 35 S.W.3d 697, 699 (Tex. App.— Houston [1st Dist.] 2000, pet. denied) ("Complaints regarding the trial court's failure to set aside a default judgment must be raised in a motion for new trial.").

## III. Conclusion

Having concluded that Ford failed to preserve error for our review, we overrule her challenge to the county court's grant of a default judgment. Accordingly, we affirm the county court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: June 1, 2023