**UNION CARBIDE CORPORATION, et al., Appellants**

v.

**Jack LOFTIN, et al., Appellees.**

**No. 09–08–061 CV.**

Court of Appeals of Texas, Beaumont.

Submitted on June 6, 2008.

Decided June 12, 2008.

Tynan Buthod, Elizabeth Baker, Baker Botts L.L.P., Stephen C. Dillard, Brett Young, Fulbright & Jaworski L.L.P., Stan Perry, Marty Thompson, Teresa Tien, Haynes & Boone L.L.P., Jesse R. Pierce, King & Spalding L.L.P., Robert Scott, Sue D. Rosenthal, Marquel R. Sautural, Abrams Scott & Bickley, L.L.P., Richard O. Faulk, Jose A. Berlanga, Diana Panian Larson, Gardere Wynne Sewell LLP, James M. Riley, Jr., Stacy K. Yates, Coats, Rose, Yale Ryman & Lee, P.C., Susan A. Carstens, Law Office of Susan A. Carstens, Leslie M. Henry, Hays McConn Rice & Pickering, Constantine Z. Pamphilis, Kasowitz, Benson, Torres & Friedman, LLP, Sharla J. Frost, Joyce B. Margarce, Chandria T. Jackson, Powers & Frost, L.L.P., Jason Wagner, Lorien Little, Tribble, Ross & Wagner, Kevin F. Risley, Thompson, Coe, Cousins & Irons, L.L.P., Jay D. Hirsch, Fred L. Shuchart, Gregory W. Marcum, Kroger, Myers, Fisby & Hirsch, Holli Pryor–Baze, Akin Gump Strauss Hauer & Feld, LLP, Houston, Michael L. Baker, Strong Pipkin Bissell & Ledyard, L.L.P., Karen L. Spivey, Pate & Spivey, L.L.P., Beaumont, Gregg R. Brown, Nancy J. Griffin, Germer Gertz Beaman & Brown, L.L.P., Austin, Vic H. Henry, Rosalyn R. Tippett, Henry Oddo Austin & Fletcher, P.C., David M. Taylor, Kevin B. Brown, Thompson, Coe, Cousins & Irons, L.L.P., James J. McGoldrick, Jeffrey F. Wood, Wesley S. Alost, Jones Carr McGoldrick, L.L.P., Dallas, Jeffrey R. Allen, Larry L. Fowler, Shannon, Gracey, Ratliff & Miller, LLP, Arlington, Richard C. Danysh, Bracewell & Giuliani, San Antonio, Ralph F. Meyer, Christopher Lowrance, Robert Spangler, Royston, Rayzor, Vickery & Williams, LLP, Corpus Christi, for appellants.

Daryl L. Moore, Daryl L. Moore, P.C., Lance H. Lubel, J. Robert Black, Heard Robins Cloud & Lubel, LLP, Houston, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is an accelerated interlocutory appeal from the trial court's ruling denying the defendants' motions to transfer venue in a multi-plaintiff case. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(b) (Vernon Supp.2007). Pursuant to section 15.003(c)(1), we must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *Id.* § 15.003(c)(1). We affirm in part and reverse and remand in part.

Six plaintiffs, some of whose spouses also joined as plaintiffs, sued Union Carbide Corporation and ninety-nine other defendants in Orange County, Texas, for injuries allegedly suffered as a result of exposure to "dangerous levels of toxic and carcinogenic chemicals and substances, including but not limited to benzene, benzene-containing products, naptha, mineral spirits, petroleum distillates, methyl ethyl ketone, solvents, paints, primers, coatings, paint thinners, toluene and xylene...." [1] The plaintiffs claimed that they suffer

---

1. The plaintiffs are Jack and Glenda Loftin, Jerry and Shirley Dowdy, Leo and Beatrice Sandoval, Larry Cameron, Gerald and Deborah Diaz, and Kay Morris (individually and as personal representative of the estate of Glenn Richard Morris, deceased, and as next friend of Michael Morris and Matthew Morris).

from myelodysplastic syndrome, acute myelogenous leukemia, and non-Hodgkin's lymphoma. The plaintiffs named E.I. DuPont de Nemours and Company, Inc. ("DuPont") as a defendant, and they pled that DuPont "is a Delaware corporation doing business in the State of Texas with a principal office in Orange County, Texas[.]" Numerous defendants filed motions to transfer venue, but DuPont did not. Plaintiffs alleged that "[v]enue is proper because all or a substantial part of the events giving rise to this cause of action occurred in Orange County, Texas and/or one or more defendants maintain a principal office in Texas in Orange County."

Plaintiffs subsequently filed a "Motion to Sever and Motion to Consolidate," in which they asked the court to sever each plaintiff's claims into a separate proceeding, but to consolidate the cases "for pre-trial discovery purposes only[.]" The trial court granted the motion.[2] After conducting a non-evidentiary hearing, the trial court denied the motions to transfer venue as to each plaintiff. The moving defendants then filed this accelerated interlocutory appeal pursuant to section 15.003 of the Texas Civil Practice and Remedies Code.[3] *See id.* § 15.003. The defendants-appellants

filed a single appeal of the venue orders that pertain to each of the plaintiffs' individual severed cases, and the plaintiffs-appellees filed a joint brief in response.

In a suit with multiple plaintiffs, "each plaintiff must, independently of every other plaintiff, establish proper venue." *Id.* § 15.003(a). Plaintiffs rely upon the general venue statute, which provides that suit shall be brought in the county where all or a substantial part of the events or omissions giving rise to the claim occurred or in the county where the defendant's principal office is located. TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(1), (3) (Vernon 2002). Plaintiffs allege that DuPont's principal office is located in Orange County, and they also contend that all or a substantial part of the events giving rise to their cause of action occurred in Orange County, Texas. Specifically, plaintiffs contend that because they sued multiple defendants, the trial court would have venue of the other named defendants if all of plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences; however, the plaintiffs did not plead this alleged venue fact in their original petition, nor do they adequately plead facts to demonstrate that

2. The appellants contend that the severance does not deprive this Court of jurisdiction. Because section 15.003 provides an interlocutory appeal in lawsuits "begun by more than one plaintiff[,]" we find that we have jurisdiction of this interlocutory appeal. *See* TEX. CIV PRAC. & REM.CODE ANN. § 15.003(a), (b).

3. The appellants are BASF Corporation, Berryman Products, Inc., Celanese Americas Corporation, Celanese International Corporation, Celanese Ltd., Chevron U.S.A., Inc., Chevron Phillips Chemical Company LP, CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P., Citiplate, Inc., CNA Holdings, Inc., ConocoPhillips Company, CRC Industries, Inc., Day International, Inc., Eastman Kodak Company, El Paso Corporation, El Paso CGP Company, El Paso Merchant Energy–Petroleum Company, Flint

Group North American Corporation, Hurst Chemical Company, LPS Laboratories, A Division of Illinois Tool Works, Inc., Lyondell–Citgo Refining LP n/k/a Houston Refining LP, Radiator Specialty Company, Rust–Oleum Corporation, Safety–Kleen Systems, Inc., Samuel Bingham Enterprises, Inc., Sears, Roebuck & Co., Shell Chemical LP, Shell Oil Company, Southwestern Refining Company, Inc., Texaco, Inc., Thompson Supply, Inc., 3M Company, Union Carbide Corporation, and Varn International, Inc. On May 20, 2008, INX International Ink Company filed a joinder to a notice of appeal filed by Chevron Phillips Chemical Company, LP; however, because INX International Ink Company did not perfect appeal within the time permitted by the Rules of Appellate Procedure, that party is not an appellant before this Court. *See* TEX.R.APP P. 26.1(d); TEX.R.APP. P. 26.3.

their claims against DuPont were factually part of the same or similar transaction or occurrence. *See id.* § 15.005.

If a plaintiff in a multi-plaintiff case cannot independently establish venue, that plaintiff's portion of the suit

must be transferred to a county of proper venue or dismissed ... unless that plaintiff, independently of every other plaintiff, establishes that:

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)(1)-(4) (Vernon Supp.2007). In this case, the plaintiffs did not plead nor do they rely upon any of these factors to support venue.

 The plaintiff is generally permitted to choose venue first, and the plaintiff's choice of venue cannot be disturbed if the suit is initially filed in a county of proper venue. *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.,* 165 S.W.3d 874, 879 (Tex.App.-Texarkana 2005, pet. denied); *Chiriboga v. State Farm Mut. Auto. Ins. Co.,* 96 S.W.3d 673, 678 (Tex. App.-Austin 2003, no pet.). A trial court must consider all venue facts properly pled by the plaintiff as true unless they are specifically denied by an adverse party. *See* TEX.R. CIV. P. 87(3)(a); *see also* TEX.R. CIV. P. 45(a) ("pleadings in the district and county courts shall be by petition and an-

swer[.]"). Once an adverse party specifically denies venue facts, the plaintiff must then respond with prima facie proof of that venue fact. *Id.* "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.*

Appellants contend the trial court erred in determining that each plaintiff established proper venue when the plaintiffs failed to properly plead or present any evidence, independently of each other, to support a finding that venue was proper in Orange County, Texas. Appellants also assert that they specifically denied plaintiffs' venue allegations, and that plaintiffs failed to present prima facie proof "(a) that all or a substantial part of the events or omissions giving rise to each of the Plaintiffs' claims occurred in Orange County, Texas; or (b) that each separate Plaintiff has an independent claim against DuPont, the party whom Plaintiffs allege maintains a principal office in Orange County, and that [ (c) ] each Plaintiff's claims against DuPont arise out of the same series of transactions or occurrences that give rise to Plaintiffs' alleged claims" against appellees.

 We turn first to the question of whether venue can be maintained in Orange County under plaintiffs' allegation that all or a substantial part of the events giving rise to their cause of action occurred there. All of the appellants who timely filed motions to transfer venue specifically denied this allegation; therefore, the burden shifted to the plaintiffs to present prima facie proof of these venue facts. *See* TEX.R. CIV. P. 87(2)(a), 3(a); *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 260–61 (Tex.1994). In their brief, appellees contend that "[e]ach plaintiff alleged and offered prima-facie proof of a

disease caused by cumulative exposures to defendants' benzene containing products, which resulted in each plaintiff's suffering an indivisible injury that arose out of the same transaction, occurrence, or series of transactions or occurrences." However, appellees provided no facts or legal authorities in their petition to support this allegation, nor did they provide any affidavit or attachments supporting their same transaction or occurrence theory now asserted on appeal. In addition, as previously discussed, the plaintiffs did not adequately plead this alleged venue fact in their original petition. *See* TEX.R. CIV. P. 45(a); 87(3)(a); *see also In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 78 (Tex.2007). Because plaintiffs failed to meet their burden to establish venue on this basis, venue is not proper under section 15.002(a)(1). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(1) (Vernon 2002); *Crown Central LLC v. Anderson*, 239 S.W.3d 385, 388 (Tex.App.-Beaumont 2007, pet. filed).

■ Appellees' only other alleged basis for maintaining venue in Orange County is that DuPont has a principal place of business there. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a)(3). However, because plaintiffs have sued multiple defendants, the court cannot maintain venue as to all of the other named defendants unless plaintiffs' claims arose out of the same transaction, occurrence, or series of transactions or occurrences. *See id.* § 15.005. Although appellees stated in their response to the appellants' motions to transfer venue that their claims arose out of the same transaction, occurrence, or series of transactions or occurrences because appellees suffer from indivisible injuries, they neither pled adequate facts nor alleged their same transaction or occurrence claim in their petition. *See id.;* TEX.R. CIV. P. 45, 87(2)(a), (3)(a). Therefore, the trial court erred in concluding that plaintiffs independently established venue in Orange Coun-

ty. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(b)(1), (c)(1).

■ If the plaintiff files suit in a county where venue is not proper, the plaintiff waives the right to choose the venue, and the defendant may have the suit transferred to a proper venue. *Wilson,* 886 S.W.2d at 260 (citing *Tieuel v. Southern Pac. Transp. Co.,* 654 S.W.2d 771, 775 (Tex.App.-Houston [14th Dist.] 1983, no writ)). Because defendants ConocoPhillips Company, Shell Chemical LP, Shell Oil Company, Lyondell–Citgo Refining LP n/k/a Houston Refining LP, El Paso Corporation, El Paso CGP Company, and El Paso Merchant Energy–Petroleum Company filed proper motions to transfer venue and provided prima facie evidence supporting a transfer of venue to Harris County as a county of proper venue, the trial court must transfer all of plaintiffs' claims and causes of action against these defendants to Harris County, Texas. Berryman Products, Inc. filed a proper motion to transfer venue and provided prima facie evidence supporting a transfer of venue to Tarrant County. Therefore, the trial court must transfer all of plaintiffs' claims and causes of action against Berryman Products, Inc. to Tarrant County, Texas. Celanese Americas Corporation, Celanese International Corporation, Celanese Ltd., and CNA Holdings, Inc. filed a proper motion to transfer venue and provided prima facie evidence supporting a transfer of venue to Dallas County. Accordingly, the trial court must transfer all of plaintiffs' claims and causes of action against those defendants to Dallas County, Texas. Safety–Kleen Systems, Inc. filed a proper motion to transfer venue and provided prima facie evidence supporting a transfer of venue to Collin County, Texas. Accordingly, the trial court must transfer all of plaintiffs' claims and causes of action against Safety–Kleen Systems, Inc. to Col-

lin County, Texas. 3M Company filed a proper motion to transfer venue and provided prima facie evidence supporting a transfer of venue to Travis County, Texas. Therefore, the trial court must transfer all of plaintiffs' claims and causes of action against 3M Company to Travis County, Texas.

■ The record reflects that the first pleading filed by both Samuel Bingham Enterprises, Inc. and Thompson Supply, Inc. was an original answer, which was not filed contemporaneously with a motion to transfer venue. "An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading[,] or motion except a special appearance motion provided for in Rule 120a." Tex.R. Civ. P. 86(1). Therefore, Samuel Bingham Enterprises, Inc. and Thompson Supply, Inc. have waived their venue objections. *See id.* Accordingly, we affirm the trial court's judgment as to Samuel Bingham Enterprises, Inc. and Thompson Supply, Inc.

Although plaintiffs did not independently establish venue in Orange County against BASF Corporation, Chevron Phillips Chemical Company LP, Chevron U.S.A., Inc., Texaco, Inc., CITGO Petroleum Corporation, CITGO Refining and Chemicals Company L.P., Citiplate, Inc., CRC Industries, Inc., Day International, Inc., Varn International, Inc., Eastman Kodak Company, Flint Group North American Corporation, Hurst Chemical Company, LPS Laboratories, A Division of Illinois Tool Works, Inc., Radiator Specialty Company, Rust–Oleum Corporation, Sears, Roebuck & Co., Southwestern Refining Company, Inc., and Union Carbide Corporation, the record is insufficient to establish a county of proper venue as to these appellants. Section 15.003(a) of the Civil Practice and Remedies Code provides that "[i]f a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, *must* be transferred to a county of proper venue or dismissed, as is appropriate." Tex. Civ. Prac. & Rem.Code Ann. § 15.003(a) (Vernon Supp.2007) (emphasis added). The trial court may direct the parties to make further venue proof to support transfer, or dismiss the claims and causes of action, as is appropriate.[4] *See id.; see also* Tex.R. Civ. P. 87(d); *Crown Central LLC,* 239 S.W.3d at 389–90. As to Samuel Bingham Enterprises, Inc. and Thompson Supply, Inc., we affirm the trial court's judgment. With respect to all other appellants, we reverse the trial court's orders and remand each of the six severed causes for the trial court to either transfer appellees' claims and causes of action or dismiss them in accordance with this opinion.[5]

---

4. We do not imply that evidence shall be reopened for the plaintiffs to produce further evidence to attempt to independently establish venue in Orange County with respect to these remaining appellants.

5. Appellant Lyondell–Citgo Refining LP n/k/a Houston Refining LP ("Lyondell–Citgo") moved to dismiss its appeal as to plaintiffs-appellees Leo and Beatrice Sandoval only, and we issued an opinion dismissing Lyondell–Citgo's appeal as to Leo and Beatrice Sandoval only. *See Union Carbide Corporation v. Loftin,* No. 09–08–061 CV, 2008 WL 2229853 (Tex.App.-Beaumont May 29, 2008, no pet. h.). In addition, Celanese Americas Corporation, Celanese International Corporation, Celanese Ltd., and CNA Holdings, Inc. ("the Celanese entities") moved to dismiss their appeal as to Gerald and Deborah Diaz only, and we issued an opinion dismissing the Celanese entities' appeal as to Gerald and Deborah Diaz only. *See Union Carbide Corporation v. Loftin,* No. 09–08–061 CV, 2008 WL 2277497 (Tex.App.-Beaumont June 5, 2008, no pet. h.). Accordingly, this opinion does not disturb the venue ruling made in the Sandovals' case as to Lyondell–Citgo Refining LP n/k/a Houston Refining LP and in the Diazes' case as to the Celanese entities.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.