*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00293-CV

David Carl **GOAD**,
Appellant

v.

## ZUEHL AIRPORT FLYING COMMUNITY OWNERS ASSOCIATION, INC.,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12496
Honorable Michael Peden, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  May 23, 2012

REVERSED AND REMANDED

David Goad, pro se, appeals the trial court's summary judgment declaring him a vexatious litigant. We reverse and remand the judgment.

### BACKGROUND

Zuehl Airport Flying Community Owners Association, Inc. ("ZAFCOA") sued David Carl Goad under the Texas Uniform Declaratory Judgment Act, seeking a declaration that Goad is a "vexatious litigant" within the meaning of chapter 11 of the Texas Civil Practice and

Remedies Code and requesting a permanent injunction to prohibit Goad from filing any litigation against ZAFCOA, its officers, or directors, without first furnishing security for the benefit of ZAFCOA. In addition, ZAFCOA asserted causes of action for malicious prosecution, abuse of process, and civil conspiracy. Although Goad is a resident of Comal County, ZAFCOA filed suit in Bexar County, alleging venue was proper because Goad filed several of the lawsuits that are the basis of the declaratory judgment action in federal court in Bexar County.

Several weeks after he was served, Goad filed a motion for extension of time to file an answer. He later filed a motion to transfer venue, alleging mandatory venue in Comal County, and filed his answer, subject to the motion to transfer. However, before Goad filed his motion to transfer and answer, ZAFCOA served him with a motion for summary judgment on its claims for declaratory and injunctive relief and set a hearing on the motion for twenty-one days later. Goad filed objections to the motion and to the timing of the hearing, but the record does not reflect he presented them to the trial court or obtained any express rulings. The trial court granted ZAFCOA's motion and signed an order that declared him a vexatious litigant and prohibited him from filing any new litigation in a court of this State without either first obtaining permission from the local administrative judge or furnishing security in the amount of $50,000.

The trial court later heard and denied the motion to transfer venue. ZAFCOA then nonsuited its remaining claims, making the summary judgment final and appealable. In this appeal, Goad argues the trial court erred in denying his motion to transfer venue and in granting the motion for summary judgment.[1]

---

[1] Goad also contends the trial court erred in failing to reset his motion for reconsideration after Goad was unable to appear at the original setting and in failing to make findings of fact and conclusions of law. Because of our disposition of Goad's other issues, we do not decide these issues.

## VENUE

The trial court denied Goad's motion to transfer venue, finding in part that Goad waived his objection to venue. We review the trial court's determination of waiver for abuse of discretion. *Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 406 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Gen. Motors Corp. v. Castaneda*, 980 S.W.2d 777, 787 (Tex. App.—San Antonio 1998, pet. denied) (op. on reh'g). A court abuses its discretion if it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

"An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance." TEX. R. CIV. P. 86.1; *see Union Carbide v. Loftin*, 256 S.W.3d 869, 875 (Tex. App.—Beaumont 2008, pet. dism'd). Goad was served with the original petition on August 2, 2010. On August 19, Goad filed a motion for extension of time to file his answer, asking the court for a deadline of October 19, 2010, to file the answer. The trial court did not rule on the motion, and ZAFCOA proceeded with discovery and the filing of its motion for summary judgment. Goad thereafter filed his motion to transfer venue on October 18, and his answer on October 20. Goad's objection to venue was not made before or concurrent with any other plea or motion. The trial court therefore acted in accordance with guiding rules and principles and did not abuse its discretion in finding Goad waived his objection to venue.

## SUMMARY JUDGMENT

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In our review of the judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any

doubts in the nonmovant's favor. *Id.* Under Texas Rule of Civil Procedure 166a(c), the party moving for a traditional summary judgment carries the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*; TEX. R. CIV. P. 166a(c). The nonmovant has no burden to respond to the motion unless the movant met its burden to conclusively establish all elements of its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

Chapter 11 of the Civil Practice and Remedies Code provides a mechanism for a defendant to have a plaintiff declared a vexatious litigant. Specifically, section 11.051 provides "the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order: (1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security." TEX. CIV. PRAC. & REM. CODE ANN. §11.051 (West 2002). In Chapter 11, a "plaintiff" is "an individual who commences or maintains a litigation;" a "defendant" is "a person or governmental entity against whom a plaintiff commences or maintains or seeks to commence or maintain a litigation;" and "litigation" means "a civil action commenced, maintained, or pending in any state or federal court." *Id.* §11.001 (West Supp. 2011). Section 11.054 sets out the criteria for finding a plaintiff to be a vexatious litigant:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:
>
> > (A) finally determined adversely to the plaintiff;
> > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;
>
> (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:
>> (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
>> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or
>
> (3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.* § 11.054 (West 2002). In its motion for summary judgment, ZAFCOA asserted it had established the elements of section 11.054(1) and section 11.054(2). In support of the motion, ZAFCOA attached copies of eight court orders, judgments, and opinions. The trial court determined ZAFCOA had established the criteria in section 11.054(1), finding Goad had pursued seven actions against ZAFCOA in the three preceding years and each was finally determined adversely to Goad or determined to be groundless. Additionally, the court found "there appears a reasonable probability that ZAFCOA will prevail in this litigation."

On appeal, Goad contends the trial court erred in granting summary judgment because (1) an order under Chapter 11 may only be sought by a "defendant," by means of a motion, against a "plaintiff" in a pending litigation, none of which occurred here, and (2) ZAFCOA did not establish any of the criteria in section 11.054. We agree with Goad's second contention, and therefore do not reach the first ground.

To meet its summary judgment burden, ZAFCOA had to conclusively establish Goad had commenced, prosecuted or maintained at least five pro se civil actions that were either finally

determined adversely to Goad or determined by a court to be frivolous or groundless.[2] *See id.* § 11.001(2) (West Supp. 2011); *id.* § 11.054(1),(2) (West 2002); *see also Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex. App.—San Antonio 2000, no pet.) (holding in context of section 11.054 that "in propria persona" is synonymous with "pro se;" both refer to litigant representing himself without the benefit of an attorney). We examine each of the eight documents ZAFCOA filed as its summary judgment evidence to determine whether it met its burden.

> • **Order dated June 11, 2008, in *James P. MacIvor and David Goad v. Tommy Anderson, et al.*, No. SA-08-CA-470-OG, in the United States District Court for the Western District of Texas**

This exhibit is an order denying the plaintiffs' application for a temporary restraining order. However, nothing in the order or in the rest of the summary judgment evidence demonstrates the litigation in which this order was rendered was finally determined adversely to Goad or that it was found to be frivolous.

> • **Judgment and order of dismissal dated November 12, 2009, in *David Goad v. Tommy Anderson, et al.*, No. SA-08-CA-674-FB, in the United States District Court for the Western District of Texas and**
> • **Order dated August 3, 2010, in *David Goad v. Tommy Anderson, et al.*, No. 10-50022, in the United States Court of Appeals for the Fifth Circuit, dismissing appeal from judgment in No. SA-08-CA-674-FB**

These exhibits evidence a civil litigation that was finally determined adversely to Goad. However, nothing in the documents from either the district court or court of appeals suggests or establishes Goad was proceeding pro se in the litigation. Accordingly, ZAFCOA did not prove this litigation meets the criteria of section 11.054.[3]

---

[2] ZAFCOA did not allege and the trial court did not find that Goad permitted any of the actions at issue to remain pending at least two years without having been brought to trial or hearing. *See id.* § 11.054(1)(B).

[3] ZAFCOA appears to contend the district court proceeding and the appeal are separate "litigations" that were "finally determined" against Goad. We disagree. An appeal of a judgment in a civil action is not a separate "litigation" as that word is used in Chapter 11. Rather, the Fifth Circuit order simply satisfies ZAFCOA's burden to establish the litigation was finally determined against Goad.

**• Memorandum opinion dated September 23, 2009, in *David Goad v. State*, No. 04-09-00429-CR, in the Fourth Court of Appeals**

This document is an opinion explaining the reasons for this court's dismissal of Goad's appeal in a *criminal* case. Litigation meeting the criteria in section 11.054 must be civil, not criminal. *See id.* § 11.001(2) (West Supp. 2011).

**• Memorandum opinion dated September 30, 2009, in *In re David Goad*, No. 04-09-00586-CV, in the Fourth Court of Appeals**

This is a memorandum opinion in an original mandamus proceeding. The opinion states the proceeding arises out of Cause No. 08-1872-CV, styled *Zuehl Airport Flying Community Owners Association v. Phoenix Air Transport, Inc., James MacIvor, David Goad, and Walter Schmidt*, then pending in the 25th Judicial District Court of Guadalupe County, Texas. Again, the summary judgment evidence does not establish Goad pursued the mandamus proceeding pro se, and therefore the criteria in section 11.054 are not satisfied.[4]

**• Memorandum Opinion dated April 28, 2010, in *David Goad v. Zuehl Airport Flying Community Owners Association, Inc.*, No. 04-09-00805-CV, in the Court of Appeals, Fourth District of Texas, dismissing for want of prosecution for failing to pay the fee for the clerk's record;**
**• Memorandum Opinion and judgment dated September 22, 2010, in *David Goad v. Zuehl Airport Flying Community Owners Association, Inc.*, No. 08-10-00216-CV, in the Court of Appeals, Eighth District of Texas, dismissing for want of jurisdiction because no final order had been issued by the trial court; and**
**• Order of Remand dated July 23, 2010, in *Zuehl Airport Flying Community Owners Association v. Phoenix Air Transport, Inc., James MacIvor, David Goad, and Walter Schmidt*, Civil Action No. SA-10-CA-608-FB, in the United States District Court for the Western District of Texas**

The first two of these documents are opinions in attempted appeals from orders of the trial court in Cause No. 08-1872-CV, in the 25th Judicial District Court of Guadalupe County, Texas. The third is the federal court's order of remand after Goad attempted to remove the same

---

[4] The petition for a writ of mandamus was denied as moot because the trial court withdrew the order of which Goad was complaining. We question whether a denial of mandamus relief under these circumstances is properly considered an *adverse* determination.

action to federal court. These proceedings are all part of the civil litigation in Guadalupe County and are not three separate "litigations." The appeal to this court was dismissed without a clerk's record having been filed. The opinion from the Eighth Court of Appeals and the federal court order of remand make apparent that as of July 28, 2010, five days before ZAFCOA filed this lawsuit, no final, appealable order had been rendered by the trial court in that action. That is, the litigation had not been finally determined at all. Moreover, there is no summary judgment evidence that Goad is a plaintiff in the Guadalupe County litigation. Both the style of that case and language in the federal court order of remand suggest Goad is a defendant in the case.

After reviewing the evidence, we conclude ZAFCOA did not conclusively establish that in the seven years immediately preceding the filing of this suit, Goad had commenced, prosecuted or maintained at least five pro se civil "litigations" that were either finally determined adversely to Goad or determined by a court to be frivolous or groundless. Accordingly, the trial court erred in granting summary judgment, declaring that Goad is a vexatious litigant under section 11.054(1).

ZAFCOA also asserted in its motion for summary judgment that Goad "has repeatedly relitigated or attempted to relitigate, in propria persona, the validity of Guadalupe County District Court's determination (against Goad) that Plaintiff maintained a legal right to erect the boundary fence that is at the heart of GOAD's various suits and appeals." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2) (West 2002). However, ZAFCOA did not file any summary judgment evidence of the alleged prior determination by the Guadalupe County District Court, or any evidence establishing that Goad, pro se, attempted to relitigate that determination. Accordingly, this ground in the motion for summary judgment also fails to support the judgment.

ZAFCOA failed to satisfy its burden of producing summary judgment proof that established a right to judgment as a matter of law.[5] We therefore reverse the trial court's judgment and remand the cause to that court for further proceedings.


Steven C. Hilbig, Justice

---

[5] After submission of this appeal, ZAFCOA filed a request for this court to take judicial notice of the magistrate's recommendation and the federal district court's order in another litigation. Although we may take judicial notice of the records of another court when provided copies of such records, the orders may not be used to supply the summary judgment evidence that ZAFCOA failed to file in the trial court. Because these orders were not before the trial court when it rendered its summary judgment and are not part of the appellate record, we may not consider them in deciding whether ZAFCOA met its summary judgment burden.