

## NUMBER 13-15-00357-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

YADIRA ADAME,                                                                    Appellant,

v.

STATE FARM LLOYDS,                                                              Appellee.

On appeal from the 343rd District Court
of Live Oak County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Opinion by Justice Benavides**

In this venue dispute, appellant Yadira Adame[1] asks us to decide whether the

---

[1] Victor Adame was Yadira Adame's co-plaintiff in the proceedings below.  However, Victor died during the pendency of this lawsuit and was removed as plaintiff below.  Accordingly, Yadira Adame is the only appellant in this case and will be identified as "Adame."

original trial court erred by granting appellee State Farm Lloyds' ("State Farm")[2] motion to transfer venue to Live Oak County.   We affirm.

## I.   BACKGROUND

On November 8, 2013, Adame sued State Farm in Jim Wells County for breach of contract, violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and other common law causes of action related to a homeowner's insurance policy issued by State Farm to Adame for a property located in Sandia, Texas.   In her petition, Adame asserted that venue was proper in Jim Wells County because "all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Jim Wells County . . . ."

On January 14, 2014, State Farm answered and filed a general denial.   It also filed a plea in abatement, alleging that Adame failed to give State Farm the requisite statutory notice required under the Texas Insurance Code.   Seven days later, Adame amended her petition to correctly identify the defendant as "State Farm Lloyds" rather than "State Farm Lloyds Inc."   The remainder of the petition is in all respects identical to her original petition.

On March 24, 2014, State Farm filed a motion to transfer venue to Live Oak County on the grounds that it had "learned that the property [at issue] is actually situated at 165 Boat Ramp Rd. [sic] Sandia, Texas 78383-4000, which is located in Live Oak County not Jim Wells County."   State Farm further alleged in its motion that under the general rule

---

[2] Adame amended her petition to change the defendant's name from "State Farm Lloyds, Inc." to "State Farm Lloyds."   To avoid confusion, we will refer to State Farm Lloyds, Inc. and State Farm Lloyds interchangeably as "State Farm," unless otherwise noted.

of venue, Live Oak was the appropriate venue for this lawsuit. Adame opposed the motion to transfer arguing that State Farm waived its right to file its motion to transfer venue under the due order of pleading rule. *See* Tex. R. Civ. P. 86(1) ("An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading, or motion except a special appearance motion . . . ."). After holding a hearing on State Farm's motion to transfer venue, the trial court granted State Farm's motion, and the entire proceeding was transferred to Live Oak County.

After the transfer, Adame filed her second amended petition, listed her residence as "Sandia, Live Oak County, Texas," and stated that venue was proper in Live Oak "because all of or a substantial part of the events giving rise to the lawsuit occurred in [Live Oak County], and the insured property that is the basis of this lawsuit is located in Live Oak County, Texas." On June 16, 2015, the case was tried before a jury, and the jury rendered a take-nothing verdict for Adame's causes of action. The trial court rendered a final judgment reflecting the jury's verdict, and this appeal followed.

## II. VENUE

By one issue, Adame contends that the Jim Wells County trial court erred in granting State Farm's motion to transfer venue and entering an order transferring the proceedings to Live Oak County.

## A. Applicable Law

Generally, all lawsuits shall be brought in (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) in the county of defendant's residence at the time the cause of action accrued, if the defendant is a natural person; (3) in the county of the defendant's principal office in this state, if the defendant

3

is not a natural person; or (4) if none of the preceding three rules apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (West, Westlaw through 2015 R.S.).

However, there are some exceptions to this general rule. For example, a trial court may transfer an action from a county of proper venue to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer, where the trial court finds: (1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship; (2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and (3) the transfer of the action would not work an injustice to any other party. *See id.* § 15.002(b). Additionally, the civil practice and remedies code provides for a number of actions to be brought in mandatory venues, *see generally id.* § 15.011–.020 (West, Westlaw through 2015 R.S.) (Mandatory Venue Statutes), as well as various permissive venues. *See generally id.* §§ 15.011–.020 (West, Westlaw through 2015 R.S.) (Mandatory Venue Provisions); §§ 15.031–.040 (West, Westlaw through 2015 R.S.) (Permissive Venue Provisions). "Proper venue" means: (1) the venue required by the mandatory venue statutes of another statute prescribing mandatory venue; or (2) if mandatory venue does not apply, then the general venue rules provided for under section 15.002(a), or the venue allowed under the permissive venue statutes. *Id.* § 15.001(b).

Because venue may be proper in a variety of counties under the venue rules, a plaintiff is given the first choice of venue in the filing of a lawsuit. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). However, if a plaintiff files suit

4

in an improper county, he waives his first choice of venue and the defendant may have the suit transferred to another county, as long as venue is proper in that county. *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 716 (Tex. App.—Dallas 1995, no writ); *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 741 (Tex. App.—Houston [1st Dist.] 1992, writ denied). On the other hand, if a defendant objects to the plaintiff's venue choice and properly challenges that choice through a motion to transfer venue, the question of proper venue is raised. *Wilson*, 886 S.W.2d at 260 (citing TEX. R. CIV. P. 86). If the plaintiff's venue choice is not properly challenged through a motion to transfer venue, the propriety of venue is fixed in the county chosen by the plaintiff. *Wilson* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.063 (West, Westlaw through 2015 R.S.); TEX. R. CIV. P. 86(1)). Thus, while venue may be improper, the defendant can submit to the location by failing to raise the matter with the trial court. *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 43 (Tex. App.—Houston [14th Dist.] 1996, no writ). With this framework in mind, we now turn to the facts of this case.

## B.   Discussion

### 1.   Waiver of Venue Objection

Adame argues that the trial court erred by considering and granting State Farm's motion to transfer venue despite State Farm's waiver of its right to object pursuant to Texas Rule of Civil Procedure 86. We agree.

When a trial court determines whether an objection to venue was waived, we review for an abuse of discretion. *Gen. Motors Corp. v. Castaneda*, 980 S.W.2d 777, 787 (Tex. App.—San Antonio 1998, pet. denied) (op. on reh'g). Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with

5

claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Id.* Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, as in this case, the question becomes one of law. *Id.* at 156–57.

Rule 86 states the following in relevant part:

> An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion . . . .

TEX. R. CIV. P. 86(1); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063 ("The court, *on motion filed and served concurrently with or before the filing of the answer*, shall transfer an action to another county of proper venue . . . ." (emphasis added)).

The record shows that Adame filed her petition on November 8, 2013 in Jim Wells County, State Farm answered and filed a plea in abatement on January 14, 2014, and State Farm filed its motion to transfer venue on March 24, 2014. Therefore, State Farm's March 24, 2014 motion to transfer venue was untimely under Rule 86 and leads to only one logical conclusion: any objection from State Farm regarding the propriety of venue was undisputedly waived.[3] *See* TEX. R. CIV. P. 86(1). Accordingly, we conclude that

---

[3] We note that in its briefing, State Farm defends its untimely motion to transfer venue by arguing that Adame "gamed the venue system by misrepresenting her own county of residence and then blamed State Farm for not catching her false pleading." The record, however, shows that State Farm did not make such strong allegations below, and the record does support such allegations on appeal. All indications in the record—from State Farm's pleadings, to the representations by Adame's counsel at the motion to transfer hearing, and comments made by the Jim Wells trial court that it believed that the town of Sandia was an "unincorporated . . . long-term community in the upper northeast part of Jim Wells County," suggest that the insured property in this case is located in an undefined portion of land near the Jim Wells/Live Oak county line. The record also shows that Adame and State Farm engaged in pre-suit negotiations prior to the filing of this lawsuit, and Adame also referenced the specific homeowner's policy number at issue in its original petition, which gave State Farm a reasonable opportunity to exercise its own diligence in investigating and ascertaining the exact location of the property at issue prior to filing its answer.

6

the Jim Wells trial court abused its discretion by implicitly finding that State Farm did not waive its right to challenge venue under Rule 86(1) and erroneously considered State Farm's motion to transfer. *See id.*; *see also Jernigan*, 111 S.W.3d at 156.

### 2. Harm Analysis

Having found error, we now determine our next appropriate standard of review. First, the civil practice and remedies code states that when a venue determination is appealed from a trial on the merits as in this case, if the transferring venue was improper, it shall in no event be harmless error and shall be reversible error. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West, Westlaw through 2015 R.S.). In determining whether venue was or was not proper under this standard, the appellate court shall consider the entire record, including the trial on the merits. *Id.* Moreover, other courts have held that when a plaintiff files suit in a permissible county, and the trial court wrongly transfers venue to another county, even a permissible one, the plaintiff has lost his right to choose where to bring his suit, and the harmless error rule does not apply because the plaintiff lost the right to bring suit in the permissible county of his choice. *See Maranatha Temple, Inc.*, 833 S.W.2d at 741.

The posture of this case, however, does not fit into either of these standards of review. The instant case presents a scenario in which: (1) the plaintiff filed suit in an *improper* county (Jim Wells); and (2) the original trial court abused its discretion by considering a waived motion to transfer venue, yet still transferred the case to a county

---

Therefore, while we understand that fraud can be a legitimate concern with regard to venue allegations, the record in this case does not support State Farm's position that Adame "gamed the venue system" or intentionally misrepresented facts. We caution State Farm against making such serious and unsubstantiated claims in the future.

of *proper* venue (Live Oak).[4] In effect, we have two separate and distinct venue-related waivers. Adame waived her right to first choose venue by choosing an improper one, *see Braithwaite*, 899 S.W.2d at 710, and State Farm waived its right to object by failing to timely file its motion to transfer. *See Biotectronics, Inc.*, 937 S.W.2d at 43. We find no cases that control the present scenario on appeal, and we find no authority or policy justifications that persuade us to adopt either the section 15.064(b) or the *Maranatha* standards. Instead, we will utilize the standard harmless error analysis as articulated by Texas Rule of Appellate Procedure 44.1. *See* TEX. R. APP. P. 44.1(a). Under this standard, we will not reverse the trial court's error unless: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals. *Id.*

We conclude that the Jim Wells trial court's abuse of discretion amounted to harmless error. As stated in note four of this opinion, a review of the entire record shows that Live Oak was a county of proper venue in this case because the property at issue is located in Live Oak County and not Jim Wells County. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.001(b); 15.002(a). Furthermore, by her own live pleading at trial (Plaintiff's Third Amended Petition), Adame asserted that she "is a resident of Sandia, Live Oak County, Texas" and that venue was proper in Live Oak because "the insured property that is the basis of this lawsuit is located in Live Oak County, Texas." Therefore, because the origination of the venue dispute arose from the ultimate location of Adame's insured

---

[4] Based on the record and briefing, neither party disputes that the insured property at issue in this case is located in Live Oak County, and we agree. Therefore, we conclude that Live Oak is a county of "proper venue" and Jim Wells is a county of improper venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.001(b); 15.002(a)

property, and because Adame later admitted by her own pleading that the property at issue was located in Live Oak County, we conclude that the transfer of venue to Live Oak County and subsequent trial on the merits probably did not cause the rendition of an improper judgment in this case. *See* TEX. R. APP. P. 44.1(a). We overrule Adame's sole issue on appeal.

## III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of September, 2016.