

# NUMBER 13-25-00256-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE G. GRANT HESSELTINE AND AMY R. HESSELTINE

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

By petition for writ of mandamus, relators G. Grant Hesseltine and Amy R. Hesseltine contend that the trial court[1] abused its discretion by transferring venue of the underlying suit seeking the dissolution of Texas Throne, LLC (Texas Throne) from San Patricio County, Texas, to Nueces County, Texas. We conclude that the trial court abused

---

[1] This original proceeding arises from trial court cause number No. S-25-5017CV-B in the 156th District Court of San Patricio County, Texas, and the respondent is the Honorable Patrick L. Flanigan. *See* TEX. R. APP. P. 52.2.

its discretion by failing to follow and comply with the Texas Rules of Civil Procedure governing venue procedure and determinations, and accordingly, we conditionally grant the petition for writ of mandamus. *See* TEX. R. CIV. P. 86 (governing motions to transfer venue), 87 (delineating the procedures for determining motions to transfer venue).

## I.   BACKGROUND

On or about January 8, 2025, relators filed an "Original Petition for Judicial Dissolution of a Texas Limited Liability Company" against real parties in interest Texas Throne, Donakay Rein, and Charles H. Rein II in San Patricio County. *See* TEX. BUS. ORGS. CODE ANN. § 11.314 (providing for the involuntary winding up and termination of partnerships and limited liability companies). In terms of jurisdiction and venue, relators alleged that the trial court "possesses jurisdiction over the subject matter of this litigation and is the location of mandatory venue for this proceeding pursuant to the Texas Business Organization Code [§] 11.314 because the principal offices of [Texas Throne] are located in San Patricio County."[2]

---

[2] Section § 11.314 of the Texas Business Organizations Code states that:

A district court in the county in which the registered office or principal place of business in this state of a domestic partnership or limited liability company is located has jurisdiction to order the winding up and termination of the domestic partnership or limited liability company on application by an owner of the partnership or limited liability company if the court determines that:

(1)    the economic purpose of the entity is likely to be unreasonably frustrated;

(2)    another owner has engaged in conduct relating to the entity's business that makes it not reasonably practicable to carry on the business with that owner; or

(3)    it is not reasonably practicable to carry on the entity's business in conformity with its governing documents.

TEX. BUS. ORGS. CODE ANN. § 11.314. We note that this section does not expressly address venue, unlike others in Chapter 11 of the Business Organizations Code, and neither relators nor the real parties offer any authority regarding whether this section constitutes a mandatory venue provision. *Compare id.* § 11.314

Relators asserted that in 2010, they formed Texas Throne, a company that owns and rents portable toilets in South Texas, with the Reins. According to relators, the parties' relationship deteriorated, and in 2024, the Reins "usurped control" over Texas Throne and filed suit against relators and former employees of Texas Throne alleging various improprieties and violations of a company agreement. Relators thus requested the trial court to compel the unwinding of Texas Throne.

On or about January 31, 2025, the real parties filed their answer to relators' suit. Their answer included a general denial, specific denials, and a counterclaim against relators for sanctions. The real parties alleged that relators' lawsuit was "groundless, brought in bad faith, and filed solely for the purpose of harassment." *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 9.011. The real parties asserted that they had previously filed a separate lawsuit against relators in Nueces County and obtained injunctive relief in that suit, and that "[s]aid litigation (including all causes and the temporary injunction described herein) remains pending and the [real parties] herein are still pursuing same *outside* of any allegations/issues underlying the instant case." However, the real parties' answer did not specifically deny relators' venue allegations.

On or about February 25, 2025, relators filed a first amended petition against the real parties. The relators' first amended petition reiterates relators' request to dissolve Texas Throne and includes new individual and derivative claims against the Reins. The amended petition again asserts that, based on Texas Business Organizations Code

*with id.* § 11.308 (providing for "Jurisdiction and Venue" of an attorney general's suit for dissolution). Because our resolution of this case is premised on violations of the rules governing venue procedure, and not the construction of this section, we express no opinion on this matter herein.

§ 11.314, mandatory venue for the suit was in San Patricio County because Texas Throne's principal offices were located there.

On or about April 5, 2025, the real parties filed a motion to transfer venue of relators' lawsuit against them from San Patricio County to Nueces County. The real parties argued that, contrary to the relators' assertions, Texas Throne's principal offices were in Nueces County, not San Patricio County, and that the "events material" to the dispute occurred in Nueces County. The real parties alleged that "[t]here is no question that this suit should have been brought in Nueces County, as Nueces County is the primary place of business for Texas Throne and it is where Texas Throne's officers primarily direct, control and coordinate the corporation's activities."

Without holding a hearing on the real parties' motion to transfer venue, on April 25, 2025, the trial court granted the motion and transferred the case to Nueces County. This original proceeding ensued. We requested and received a response to the petition for writ of mandamus from the real parties and received a reply thereto from relators. *See* TEX. R. APP. P. 52.4, 52.5.

## II.    MANDAMUS

Mandamus is an "extraordinary remedy." *In re Rogers*, 690 S.W.3d 296, 302 (Tex. 2024) (orig. proceeding) (per curiam) (quoting *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding)). Mandamus is discretionary in nature, and it is governed by equitable principles. *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 663 (Tex. 2023) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain mandamus relief, the relator must show that the trial court clearly

4

abused its discretion and the relator lacks an adequate remedy by appeal. *In re Dall. HERO*, 698 S.W.3d 242, 247 (Tex. 2024) (orig. proceeding); *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam).

## III.    VENUE

The plaintiff makes the initial choice of venue. *Fortenberry v. Great Divide Ins.*, 664 S.W.3d 807, 811 (Tex. 2023); *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d 759, 762 (Tex. 2020) (orig. proceeding). The defendant may thereafter file a motion to transfer venue; however, "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." TEX. R. CIV. P. 86.1 (the "due order of pleading" rule); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063 (providing for a transfer of venue "on motion filed and served concurrently with or before the filing of the answer").

If a defendant challenges the plaintiff's venue choice by filing a timely motion to transfer venue, the plaintiff then bears the burden to present prima facie proof that venue is maintainable in the county of suit, while the defendant bears the burden to prove venue is maintainable in the county to which the transfer is sought. *Fortenberry*, 664 S.W.3d at 811; *In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d 732, 738 (Tex. App.—Austin [15th Dist.] 2025) (orig. proceeding); *In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 158 (Tex. App.—Eastland 2022, orig. proceeding); see *generally* TEX. R. CIV. P. 87.2(a), 87.3(a).

Texas Rule of Civil Procedure 87 specifies that the trial court and movant must follow certain procedures regarding a motion to transfer venue. *See* TEX. R. CIV. P. 87.1, 87.3(b); *In re Rino-K&K Compression, Inc.*, 656 S.W.3d at 158. Specifically, for instance,

5

the movant must request a setting on the motion, and the trial court must provide at least forty-five days' notice of the hearing date on the motion to transfer venue. *See* TEX. R. CIV. P 87.1, 87.3(b); *In re Rino-K&K Compression, Inc.*, 656 S.W.3d at 158. This requirement is important because, in relevant part, plaintiffs are entitled to file amended pleadings at least seven days before a hearing on a motion to transfer venue. *See* TEX. R. CIV. P. 63; *see also In re Stephens*, No. 05-20-00833-CV, 2021 WL 1904324, at *6 (Tex. App.—Dallas May 12, 2021, orig. proceeding) (mem. op.).

The trial court must then make a ruling "promptly" and "in a reasonable time prior to commencement of the trial on the merits." TEX. R. CIV. P. 87.1. "The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed" in accordance with the venue rules. *Id.* R. 87.3(b); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (providing that the "court shall determine venue questions from the pleadings and affidavits"); *see also In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d at 738. The trial court must base its venue determination on the last pleading that was timely filed. *In re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *Watson v. City of Odessa*, 893 S.W.2d 197, 200 (Tex. App.—El Paso 1995, writ denied). "All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party." TEX. R. CIV. P. 87.3(a); *see In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d at 738.

## IV.    ANALYSIS

In their first issue, relators contend that the real parties waived their venue

6

challenge because they did not file their motion to transfer venue prior to or concurrently with their first appearance in the case. Relators also argue, in relevant part, that the trial court abused its discretion by transferring venue without complying with the Rules of Civil Procedure insofar as it failed to hold a hearing on the motion to transfer. The real parties assert, in contrast, that their motion to transfer venue was timely filed, and that relators failed to make prima facie proof of their venue facts.

## A. Waiver

Here, the real parties filed their answer to the lawsuit on or about January 31, 2025; however, they did not file their motion to transfer venue until April 5, 2025. Because the real parties did not file their motion to transfer venue "prior to or concurrently with any other plea, pleading or motion," they waived their objection to relators' choice of venue. *See* TEX. R. CIV. P. 86.1; *Adame v. Lloyds*, 506 S.W.3d 96, 99–100 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied); *Champion v. Estlow*, 456 S.W.3d 363, 365 (Tex. App.—Austin 2015, pet. denied); *Union Carbide Corp. v. Loftin*, 256 S.W.3d 869, 875 (Tex. App.—Beaumont 2008, pet. dism'd); *Massey v. Columbus State Bank*, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

The real parties acknowledge the due order of pleading rule as mentioned above, but they contend that it does not render their motion to transfer venue untimely because relators "filed an amended petition alleging additional parties and claims—hence, the necessity (or ability) to file a motion (new or otherwise) for transfer of venue based on same." The real parties cite two cases in support of their contention that their motion to transfer venue was timely filed because, in essence, it was filed in response to relators'

7

first amended petition: *Bundy v. Houston*, No. 01-17-00863-CV, 2018 WL 6053602, at *4 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.), and *Renzenberger, Inc. v. O'Bryant*, No. 13-05-00090-CV, 2005 WL 1361620, at *4 (Tex. App.—Corpus Christi–Edinburg June 9, 2005, no pet.) (mem. op.). However, these cases do not support the real parties' proposition that an amended petition excuses the requirement for a motion to transfer venue to be filed prior to or concurrently with other pleadings.

In *Bundy*, the plaintiff alleged that the defendant waived its objection to venue by violating the due order of pleadings. *See* 2018 WL 6053602, at *3. There, the defendant filed a motion to transfer venue concurrently with its answer, and the plaintiff then filed a response and an amended petition. *Id.* The defendant filed a reply to the plaintiff's response to the motion to transfer venue, and that reply addressed new venue facts that the plaintiff had alleged in the amended petition. *Id.* The reply also incorporated additional evidence. *Id.* The court rejected the plaintiff's contention that the defendant waived its objection to venue by filing the reply. *See id.* The court reasoned that the venue rules allow a defendant to file a reply to the plaintiff's response to transfer venue, that the reply could include additional evidence, and that the trial court could have reasonably construed the defendant's reply as an amended motion to transfer venue. *See id.* at *4. Our Court considered a similar situation in *Renzenberger*. *See* 2005 WL 1361620, at *4. There, the defendant filed a timely motion to transfer venue to Tarrant County, the plaintiff responded, and the defendant filed a reply in which it requested transfer to Milam County, Harris County, or Tarrant County. *Id.* The appellee asserted, in relevant part, that the appellants waived their motion to transfer venue to anywhere other than Tarrant County

8

because they "failed to properly amend their motion to transfer venue" and instead included new argument and evidence in their reply. *See id.* Like the *Bundy* court, we rejected this proposition by examining the reply and concluding that it, in substance, acted as an amended motion to transfer venue. *See id.* In both of these cases, the defendant filed a motion to transfer venue prior to or concurrently with its initial pleading; accordingly, neither case addresses the situation at hand, and neither controls our analysis here.

In sum, the record reflects that relators filed their original petition on or about January 8, 2025; the real parties filed their answer to the lawsuit on January 31, 2025; relators filed their first amended petition on or about February 25, 2025; and the real parties filed their motion to transfer venue on or about April 5, 2025. Based on the foregoing, real parties did not comply with the requirement to file their motion to transfer "prior to or concurrently with any other plea, pleading, or motion." *See* TEX. R. CIV. P. 86.1. Accordingly, the real parties waived their objection to venue in San Patricio County. *See id.*; *Adame*, 506 S.W.3d at 99–100; *Champion*, 456 S.W.3d at 365; *Union Carbide Corp.*, 256 S.W.3d at 875; *Massey*, 35 S.W.3d 700. We sustain relators' first issue.

## B.    Procedural Errors

Relators contend in part by their second issue that the trial court abused its discretion by granting the motion to transfer venue because the real parties did not request a hearing on their motion to transfer venue, and the trial court granted the motion to transfer without holding a hearing. The Texas Rules of Civil Procedure state that the "movant has the duty to request a setting on the motion to transfer." TEX. R. CIV. P. 87.1. The rules also provide that "each party is entitled to at least [forty-five days'] notice of a

9

hearing on the motion to transfer." *Id.* The Texas Supreme Court has held that a trial court abuses its discretion by ruling on a motion to transfer venue without providing proper notice, and that mandamus relief is the proper remedy for this deviation from the required procedure. *See Henderson v. O'Neill*, 797 S.W.2d 905, 905 (Tex. 1990) (orig. proceeding) (per curiam).

Here, the real parties did not request a hearing on their motion to transfer venue; the trial court did not provide notice that it would be considering the motion to transfer venue on any particular date; and the trial court did not hold a hearing on the motion to transfer venue before granting it. Accordingly, even if the motion to transfer venue was timely filed, the trial court abused its discretion by granting it without notice and hearing. *See* TEX. R. CIV. P. 87.1; *Henderson*, 797 S.W.2d at 905.

We sustain relators' second issue, in part. Having done so, we need not address the remaining part of their second issue pertaining to mandatory venue. *See* TEX. R. APP. P. 47.4.

## C. Remedy by Appeal

Finally, we address the real parties' contention that mandamus relief is not proper because this case does not concern mandatory venue and it does not present extraordinary circumstances which would merit review by mandamus. In this regard, the real parties argue that their motion to transfer venue was premised on permissive venue "based on the facts and status of a pre-existing and pending case."

Generally, venue rulings may only be reviewed on appeal from the final judgment in the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (prohibiting interlocutory

10

appeals of venue determinations); TEX. R. CIV. P. 87.6 (same). However, there are certain exceptions to this general rule. For instance, interlocutory appeals may be taken from rulings regarding the propriety of certain venue determinations in cases involving multiple plaintiffs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b); *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, No. 24-0040, 2025 WL 1599527, at *5, __ S.W.3d __, __ (Tex. June 6, 2025); *UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. denied). Further, mandamus relief is appropriate to enforce mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *Wagner v. Apache Corp.*, 627 S.W.3d 277, 288 (Tex. 2021); *In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d at 735. And finally, mandamus review of a venue ruling is appropriate in "extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (collecting cases); *see, e.g., In re Signature Care Emergency Ctr.*, 665 S.W.3d 150, 164 (Tex. App.—Corpus Christi–Edinburg 2023, orig. proceeding). In this regard, for example, mandamus review may be available when the trial court fails to comply with the procedural requirements of the rules regarding venue. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262; *Henderson*, 797 S.W.2d at 905; *In re Rino-K&K Compression, Inc.*, 656 S.W.3d at 156; *Fincher v. Wright*, 141 S.W.3d 255, 264 (Tex. App.—Fort Worth 2004, no pet.) (combined app. & orig. proceeding).

Here, the trial court failed to apply the due order of pleadings rule and failed to provide notice and hearing before ruling on the motion to transfer venue, thereby impairing relators' procedural rights. *See, e.g., In re Team Rocket, L.P.*, 256 S.W.3d at 262; *Henderson*, 797 S.W.2d at 905. We conclude that under the specific circumstances

11

presented here, relators lack an adequate remedy by appeal and thus mandamus relief is appropriate.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the real parties' response, the reply, and the applicable law, is of the opinion that the relators have met their burden to obtain mandamus relief as discussed herein. Accordingly, we lift the stay previously imposed regarding this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate the April 25, 2025 order transferring venue and to issue an order denying the real parties' motion to transfer venue. Our writ will issue only if the trial court fails to act in accordance with this memorandum opinion.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
1st day of July, 2025.

12